[No. B162638. Second Dist., Div. Four. Oct. 31, 2003.]

JON PASTORIA et al., Plaintiffs and Appellants, v.
NATIONWIDE INSURANCE et al., Defendants and Respondents.

---

## COUNSEL

Spiro Moss Barness Harrison & Barge and Dennis F. Moss for Plaintiffs and Appellants.

Thelen Reid & Priest, Gary L. Fontana, Hilary N. Rowen and John L. Viola for Defendants and Respondents.

---

## OPINION

## VOGEL (C.S.), P. J.—

### INTRODUCTION

Plaintiffs Jon and Susan Pastoria sued Nationwide Insurance and CalFarm Insurance Company for unfair competition, fraud, and negligent failure to disclose imminent material changes in a health insurance policy. Plaintiffs contend that according to Insurance Code sections 330, 331, 332, 334, and 361,[1] defendants had a duty to notify them about impending changes in their insurance policy before the plaintiffs purchased it. The trial court dismissed

---

[1] Section 330 states: "Neglect to communicate that which a party knows, and ought to communicate, is concealment."

Section 331 states: "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance."

Section 332 states: "Each party to a contract of insurance shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining."

Section 334 states: "Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries."

Section 361 states: "The provisions of this chapter apply as well to a modification of a contract of insurance as to its original formation."

the case after it sustained defendants' demurrer to the complaint with leave to amend, but the plaintiffs declined to amend their complaint. As we shall explain, we conclude the demurrer should have been overruled. We therefore reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a class action lawsuit[2] on behalf of all persons who purchased "California Farm Bureau Members' Primary—45 Plan N" health insurance policies from defendants between August 1, 2001, and approximately November 30, 2001. The predicate of the claim is that the plaintiff and members of the class were not told of "impending material premium increases and benefit reductions under the Policies" before the policies "went into effect." Plaintiffs alleged, "Defendants withheld information from" them concerning the impending imposition of (1) "substantial [new] deductibles"; (2) "requirements for [new] co-payments"; (3) "material increases in the amounts of [existing] co-payments"; (4) "material reductions in amounts paid for outpatient services and in amounts paid to physicians and other providers who are not included in defendants' list or lists of 'PPO Providers' "; (5) "material reductions in [prescription drug] benefits"; and (6) "material increases in the premiums charged for the Policies."

Plaintiffs stated that they purchased their policies after receiving the defendants' descriptions of the premiums, the lack of deductibles, and other policy benefits. *"On November 28, 2001, less than two months after their policies went into effect,[3] Plaintiffs were mailed notice of all the material Changes to their Policies.* When they purchased their Policies, Plaintiff's gave up coverage they had through another insurance Company. *At the time they bought their Policies, plaintiffs are informed and believe, and thereon allege, Defendants knew of the impending Changes to the policies, Changes that Defendants did not communicate to policy holders until November 28, 2001.* Despite such knowledge, Defendants did not disclose the Changes to Plaintiffs prior to the purchase by Plaintiffs of their policies." (Italics added.)

Plaintiffs incorporated the above allegations within their first cause of action for unfair competition. Plaintiffs alleged that they were not informed of "the impending Policy Changes" when they bought their policies, and instead

---

[2] The lawsuit was filed as a class action but it was not certified. Plaintiffs do not contend on appeal that it should be certified.

[3] The defendants issued a Certificate of Insurance with coverage effective on October 1, 2001. The complaint does not state when the plaintiffs applied for insurance.

were sent notices of the changes on or about November 28, 2001. Plaintiffs alleged that defendants knew about the changes when they sold the policies to the plaintiffs. They also alleged that defendants' failure to disclose these changes "violated Insurance Code Sections 332, and 331, and is an unlawful, unfair and fraudulent business act and practice in violation of Business and Professions Code § 17200 *et seq.*"

In the second cause of action for fraud, plaintiffs incorporated all of the above allegations and further alleged that defendants "intentionally withheld information" regarding the policy changes from the plaintiff class "with the intent to induce" them to buy the policies. They also stated that each class member, "[a]cting in ignorance of the impending Changes," bought a policy from defendants, and had the class members known of the changes, they would not have done so. Plaintiffs further alleged they incurred damages because of defendants' behavior.

Plaintiffs incorporated all of the prior allegations within the third cause of action for negligent failure to disclose. They alleged that defendants negligently withheld information known to them about the policy changes "with the intent to induce Plaintiffs to purchase the Policies." Plaintiffs further alleged that, not knowing about the changes, each class member bought a policy from the defendants. Had they known of the changes they would not have done so. Class members incurred damages as a result of defendants' negligence.

Defendants filed a demurrer to the complaint together with a motion to strike portions of the complaint and a request for judicial notice of plaintiffs' insurance application and the policy.

Defendants demurred on the grounds that the complaint failed to state facts sufficient to constitute causes of action for unfair competition, fraud, or negligence. They contended that since they complied with Insurance Code section 10199.1, the statutory requirement of giving 30 days' notice of benefit changes and premium increases, the plaintiffs' unfair competition claim is without any legal basis. According to defendants, plaintiffs' fraud and negligence claims are invalid since plaintiffs failed to allege any duty to disclose benefit changes and premium increases before the statutory deadline for giving notice. Defendants also pointed out that plaintiffs failed to allege a fiduciary relationship, a general requirement of a fraudulent concealment claim.

Plaintiffs opposed the demurrer. They argued that Insurance Code section 10199.1 only applies to covered persons, employer units, or certificate holders, and not to prospective buyers of insurance. They explained that their

claims are based upon the defendants' acts performed before the plaintiffs bought the insurance, or before they became covered persons or certificate holders. Plaintiffs further asserted that they properly alleged a violation of Insurance Code section 332. Plaintiffs contended that the complaint states a fraud claim, since defendants knew about material facts which were not accessible to plaintiffs. Finally, plaintiffs argued the negligent misrepresentation claim is valid because it is premised on the defendants' statutory duty to disclose.

Defendants filed a reply to the opposition to the demurrer. According to defendants, they did not violate Insurance Code section 330 because they had no duty to tell insurance applicants about "contemplated benefit changes."

Defendants maintained that the 30-day notice provision is not unlawful, unfair, or deceptive under section 17200 of the Business and Professions Code. They argued that the fraud claim is invalid because it is based on a nonexistent duty of disclosure. The plaintiffs cannot validly assert that defendants have a duty of disclosure greater than that which plaintiffs agreed when they applied for coverage. Defendants emphasized the dearth of cases supporting plaintiffs' position. Finally, defendants asserted there was no valid negligent misrepresentation claim because there is no duty to disclose.

The trial court sustained the demurrer with leave to amend. It also denied defendants' motion to strike as moot and denied defendants' request for judicial notice without prejudice for lack of foundation.[4] Plaintiffs failed to amend their complaint and the trial court entered an order of dismissal.

This appeal followed. Plaintiffs contend that, under Insurance Code sections 330, 331, 332, 334, and 361, when there are impending "material changes in a policy by raising premiums, diminishing benefits, and instituting deductibles where none existed before," an insurance company has a duty to disclose such impending changes to purchasers of insurance. Plaintiffs further contend that failure to inform a purchaser of insurance of such impending changes constitutes unfair competition, fraudulent concealment, and negligent failure to disclose.

---

[4] Although we find that the documents of which judicial notice was requested (the application and the insurance policy) are important to the determination of whether plaintiffs can ultimately prevail on their claims, we cannot take judicial notice of these documents. While plaintiffs referred to their insurance policy in their complaint, they failed to attach a copy of the application or the policy as an exhibit to the complaint. In the trial court below, the parties failed to indicate that the application and policy of which defendants requested judicial notice were authentic. The trial court properly ruled that no proper evidentiary foundation was laid for either document. The authenticity of these documents is disputed. In response to our inquiry during oral argument, plaintiffs filed a letter refusing to stipulate to the admission of the documents. Accordingly, we cannot consider them on appeal from a judgment following a demurrer.

## DISCUSSION

### 1. *The Unfair Competition Claim*

Plaintiffs contend the demurrer to their Business and Professions Code section 17200 cause of action should have been overruled. According to plaintiffs, their allegations were sufficient to establish defendants engaged in an unlawful, unfair, and deceptive business practice by failing to disclose imminent changes in the insurance policy premiums and benefits before plaintiffs purchased insurance from defendants.

Business and Professions Code section 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." The Supreme Court explained that section 17200 "defines 'unfair competition' as any 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising . . .' (§ 17200.) The Legislature intended this 'sweeping language' to include " 'anything that can properly be called a business practice and that at the same time is forbidden by law.' " [Citations.]" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266–1267 [10 Cal.Rptr.2d 538, 833 P.2d 545].) Section 17200 "borrows" violations of federal, state, or local law and treats them as unlawful practices which are independently actionable under section 17200. (*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102–1103 [53 Cal.Rptr.2d 229].) Since section 17200 is in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either "unfair," or "unlawful," or "fraudulent." (*State Farm, supra,* at p. 1102.)

Here, plaintiffs allege that the defendants acted unlawfully. According to plaintiffs, under Insurance Code sections 330, 331, 332, 334, and 361, defendants had a duty to disclose to plaintiffs that there were impending amendments to the policies changing premiums and benefits, even before the plaintiffs purchased their policies. Plaintiffs' argument is based upon a literal reading of those statutory provisions. Literally applied, plaintiffs' conclusion is not without merit.

■ The reviewing court assumes the truth of all facts properly pleaded by the plaintiff-appellant in an appeal from a judgment of dismissal entered after the trial court sustains a demurrer without leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Here, plaintiffs alleged upon information and belief that defendants knew of impending material changes to the insurance policies when the plaintiffs purchased the

policies but failed to disclose this information to the plaintiffs until after they purchased their policies. Stated otherwise, the term "impending" means "about to happen" in the sense of a fait accompli. (Webster's Encyclopedic Unabridged Dict. of the English Language (1989 ed.) p. 714.) It is an assertion that such impending changes amount to more than simply a matter of contemplation or discussion at one level or another of the defendants' controlling executives, officers, employees, and consultants. Fairly read, an impending change to be actionable must be one that is in fact already established according to the insurer's operating procedures, but not implemented at the time a policy is purchased.

■ As explained above, we are required to consider plaintiffs' allegations as if they were true because this is an appeal following the sustaining of a demurrer. The facts of the case have not been fully developed yet. Even the most basic documents, the application for insurance and the insurance policy, have not yet been admitted into evidence. Accordingly, at this point we decline to find that the defendants did not have duty, as a matter of law, to disclose the information about impending policy changes to the plaintiffs before the plaintiffs bought their policies.

Given that there is a statutory violation, there is an unlawful act upon which to base an unfair competition claim under Business and Professions Code section 17200.

Plaintiffs have also pleaded an unfair competition claim based upon unfairness. There are two tests for analyzing the issue of unfairness. We find that under either test the demurrer should be overruled. In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 186–187 [83 Cal.Rptr.2d 548, 973 P.2d 527] (*Cel-Tech*), the Supreme Court concluded the principles of protecting competition "convince us that, to guide courts and the business community adequately and to promote consumer protection, we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." Despite a footnote in *Cel-Tech* limiting the court's discussion and test to the context where a competitor is alleging anticompetitive practices, both parties on appeal cite *Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144 [93 Cal.Rptr.2d 439], a case where the court found that the *Cel-Tech* rule should be applied to consumer class actions brought under Business and Professions Code section 17200. (*Cel-Tech, supra*, 20 Cal.4th at p. 187, fn. 12; *Schnall v. Hertz Corp., supra*, 78 Cal.App.4th at p. 1166.) Here, plaintiffs contend that section 330 et seq. "reflect a legislatively declared policy requiring persons involved in the formation of an insurance contract to disclose material information to each other." As we have concluded above, there could be a statutory duty to

disclose. Accordingly, there could be a violation of a legislatively declared policy to disclose. The present situation therefore could meet the *Cel-Tech* test for unfairness.

■ As we have noted, *Cel-Tech* involved a dispute between competitors, rather than between a supplier of goods or services and a consumer, which is our case. As noted in *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 720, footnote 23 [113 Cal.Rptr.2d 399], the *Cel-Tech* court itself addressed the issue of unfairness in the context of a dispute among competitors. The *Smith* court formulated the test of unfairness to be applied in the consumer situation. It looks to a weighing of the competing interests of the " ' "impact [of the practice or act] on its alleged victim . . . against the reasons, justifications and motives of the alleged wrongdoer." ' " (*Id.* at p. 718.) We agree that this test should be applied in the case before us. ■ Doing so, we find that there may be actionable unfairness. (*State Farm Fire & Casualty Co. v. Superior Court, supra,* 45 Cal.App.4th 1093, 1103–1104.)

At bench the impact of defendants' failure to inform potential buyers of the impending changes in the benefits and the premiums influenced plaintiffs' purchase of insurance inferior to their preexisting insurance. Because this appeal is from a demurrer and not from a judgment entered after a trial, the facts and evidence have not been fully developed. Defendants have not had an opportunity to state their reasons, justifications, or motives for selling the insurance without giving the plaintiffs notice of imminent changes before the plaintiffs purchased the insurance. At this point, we cannot say that the defendants' motives, reasons, or justifications for failing to notify the plaintiffs outweigh the plaintiffs' interest in being fully informed of the impending changes. Thus, we find that the demurrer should be overruled as to the plaintiffs' Business and Professions Code section 17200 claim based upon unfairness.

Plaintiffs also contend that the defendants' failure to give them notice of the "imminent changes" in their policy was deceptive and this supports an unfair competition claim. ■ This type of Business and Professions Code section 17200 claim is not based upon proof of the common law tort of deceit or deception, but is instead premised on whether the public is likely to be deceived. (*Bank of the West v. Superior Court, supra,* 2 Cal.4th 1254, 1266–1267.) Plaintiffs alleged that the class members who bought certain insurance policies were not told of "impending Policy changes" until after they purchased the insurance. They also alleged that defendants knew about these changes when they sold them the policies. We are required to consider these allegations as if they were true since this is an appeal following the sustaining of a demurrer. We conclude that this is sufficient to state a

Business and Professions Code section 17200 claim based upon deception. Accordingly, the demurrer should be overruled as to the unfair competition cause of action.

### 2. *The Fraud Claim*

The demurrer should also be overruled as to plaintiffs' cause of action for fraudulent nondisclosure of material facts. Plaintiffs alleged that although defendants knew of impending material changes in the policies, defendants failed to notify plaintiffs about impending changes until after plaintiffs bought the policies. According to plaintiffs, defendants intentionally withheld this information in order to induce plaintiffs into buying the policies. Plaintiffs further alleged that each plaintiff bought a policy not knowing of the changes and would not have done so otherwise.

The general rule is that even if material facts were known to one party and not the other, the failure to disclose the facts is usually not actionable fraud absent a fiduciary relationship giving rise to a duty to disclose. (See 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 697, p. 799, and cases cited therein.) Neither party asserts that there is a fiduciary relationship in the case before us. Plaintiffs, however, contend that there is a duty based upon the violation of section 330 et seq. of the Insurance Code, and an exception to the general rule enumerated in certain case law. There is a duty to disclose based upon Insurance Code section 330 et seq., as explained above. There is no need for us to rule on plaintiffs' second argument regarding the purported applicability of an exception to the general rule. We therefore conclude that the demurrer should be overruled as to the fraud cause of action.

### 3. *The Negligent Failure to Disclose Claim*

We find that plaintiffs' claim for negligent failure to disclose impending changes in the insurance policy survives an attack by demurrer because a duty to disclose is established by Insurance Code sections 330 and 332. It is insufficient for defendants to declare that the provisions only apply to applicants for insurance and insureds and not insurers. That distinction is absent from the plain language of these provisions. The trial court should, therefore, have overruled the demurrer as to the negligence cause of action.

## DISPOSITION

The judgment is reversed. Appellants shall recover costs on appeal.

Epstein, J., and Curry, J., concurred.