352 F.Supp.2d 1067 (2004)
PHILLIP MORRIS USA INC., Plaintiff,
v.
Samir SHALABI, et al., Defendants.
No. CV 03-4037 GAF.
United States District Court, C.D. California.
October 25, 2004.
*1068 Carlos Solis, Michael T. Williams, John C. Ulin, Paul Maynard Kakuske, Heller Ehrman White & McAuliffe, Los Angeles, CA, Kenneth L. Chernof, Heller Ehrman White & McAuliffe, Washington, DC, for Plaintiff.
Milord A. Keshishian, Milord & Associates, Roman P. Mosqueda, Roman P. Mosqueda Law Offices, Karl P. Schlecht, Roger Barrett James, Parker Stanbury, Gilbert Hyongwon Lee, Gilbert H. Lee *1069 Law Offices, Kevin Robert Riva, Samuel J. Long Law Offices, Ronald A. Schy, Ronald A. Schy Law Offices, Kevin John McNaughton, Schaffer Lax McNaughton & Chen, Marc A. Karlin, Karlin & Karlin, Khachik Akhkashian, Diamond Burt & Akhakashian, Craig J. Mariam, Gallagher & Gallagher, Milord A. Keshishian, Milord & Associates, Carlos Solis, Michael T. Williams, John C. Ulin, Paul Maynard Kakuske, Heller Ehrman White & McAuliffe, Los Angeles, CA, Solange Kea, Solange Kea Law Offices, Edward M. Daley, Edward M. Daley Law Offices, Long Beach, CA, Mene Phansavath, Anaheim, CA, Charles H. Manh, Charles Manh & Associates, Tien V. Doan, Tien V. Doan Law Offices, Westminster, CA, John Allen Bunnett, Downey, CA, Nancy Long Cole, Atkinson Andelson Loya Ruud & Romo, Cerritos, CA, Mark E. Mahler, Mark E. Mahler Law Offices, Beverly Hills, CA, Morris Stone, Morris Stone Law Offices, Huntington Beach, CA, Kenneth A. Bryant, Kenneth A. Bryant Law Offices, Santa Ana, CA, Curtis L. Metzgar, Even Crandall Wade & Lowe, Rancho Cucamonga, CA, Benard C. Udeozor, Benard C. Udeozor Law Offices, Inglewood, CA, Karen L. McKinney, Karen L. McKinney Law Offices, Murrieta, CA, Paul Douglas Draper, Paul D. Draper Law Offices, Capistrano Beach, CA, Robert A. Fairfield, Robert A. Fairfield Law Offices, Torrance, CA, John L. Simonson, John L. Simonson Law Offices, Van Nuys, CA, Eoin L. Kreditor, Maher & Maher, Orange, CA, William George Bissell, William G. Bissell Law Offices, Irvine, CA, Joel Mark, Nordman Cormany Hair & Compton, Oxnard, CA, Laya Dogmetchi, Laura R. McFeaters, Cummins & White, Newport Beach, CA, Ricky W. Poon, Ricky W. Poon Law Offices, Alhambra, CA, Albert Lee, Albert Lee Law Offices, Pasadena, CA, Jonathan Allan Klein, Kelly Herlihy & Klein, San Francisco, CA, Alyce Stephanie Minsky, Bernard W. Minsky Law Offices, Huntington Park, CA, Fred A. Wong, Wong & Mak, Alhambra, CA, Lawrence E. Heller, Heller & Edwards, Beverly Hills, CA, Kenneth L. Chernof, Heller Ehrman White & McAuliffe, Washington, DC, for Defendants.
Roger Panameno, Los Angeles, CA, pro se.
Thai Ly, San Bernardino, CA, pro se.
Hong Li, Rosemead, CA, pro se.
Tammy Tran, Santa Ana, CA, pro se.
Bac Srun Ung, Artesia, CA, pro se.
Nigha B. Baig, Van Nuys, CA, pro se.
Frank Chu, Los Angeles, CA, pro se.
GNS Cigarette Cheaper Center Inc., Bellflower, CA, pro se.
Hazim Abdulzahra, Los Angeles, CA, pro se.
Suna Chhim, San Bernardino, CA, pro se.
Chhor Meng, San Bernardino, CA, pro se.
Lim Meng Hoa, Northridge, CA, pro se.
David Phai, Compton, CA, pro se.
Duong Loc Tangphuc, Rosemead, CA, pro se.
Kabir Humayun, Huntington Park, CA, pro se.
Eduardo Rios Leon, Los Angeles, CA, pro se.
Abdu Shahin, San Bernardino, CA, pro se.
Salvador Tirado, Los Angeles, CA, pro se.
Sing Ung, Artesia, CA, pro se.
Kimsann Say, San Bernardino, CA, pro se.
Seak Solina Say, San Bernardino, CA, pro se.
Hang J. Kim, Sun Valley, CA, pro se.
*1070 Jong J. Kim, Sun Valley, CA, pro se.
Gregory L. Ganter, Tustin, CA, pro se.
Janeatte Y. Ganter, Tustin, CA, pro se.
Horacio Cervantes, Los Angeles, CA, pro se.
Dong S. Bae, Sherman Oaks, CA, pro se.
Ki B. Jung, Sherman Oaks, CA, pro se.
Adela Chavez, Los Angeles, CA, pro se.
Flora Rahman, Burbank, CA, pro se.
Angelina Quinonez, Oxnard, CA, pro se.
Roberto G. Quinonez, Oxnard, CA, pro se.
Bushara Hawatmeh, Sun Valley, CA, pro se.
Syed Mohammed Faizi, Long Beach, CA, pro se.
Kim Chea, East Los Angeles, CA, pro se.
MEMORANDUM AND ORDER REGARDING MOTION FOR SUMMARY JUDGEMENT AGAINST CERTAIN DEFENDANTS
FEESS, District Judge.

I. INTRODUCTION
The present trademark infringement lawsuit is one of many brought by Plaintiff Phillip Morris USA, Inc., against retailers who are allegedly selling counterfeit MARLBORO and MARLBORO LIGHT cigarettes under Phillip Morris's trademarks. Most of the lawsuits have now been settled or resolved through default judgments. The present motion for summary judgment addresses four of the remaining cases. three of the four defendants who are the subject of the motion have not even filed opposition.
In these four cases, Plaintiff has established through undisputed facts that the four defendant retailers have sold, under the MARLBORO or MARLBORO LIGHT trademarks, cigarettes that were not manufactured by Phillip Morris. The evidence presented establishes, as a matter of law, Phillip Morris's right to have judgment entered on its claims for trademark infringement, false designation of origin and unfair competition. Accordingly, as set forth in greater detail below, the Court concludes that Plaintiff's are entitled to the requested injunction and to damages of $10,000 as to each defendant and therefore GRANTS Plaintiff's motion for summary judgment.

II.

STATEMENT OF UNDISPUTED FACTS
For decades Plaintiff Phillip Morris USA has owned valid and protectable trademarks for MARLBORO® and MARLBORO LIGHTS® within the United States. (Req. Judicial Notice ¶¶ 1-6, Exs. A-F). Specifically, Plaintiff owns MARLBORO®, patent registration number ("PRN") 68,502; MARLBORO® Red Label, PRN 938,510; MARLBORO® LIGHTS, PRN 1,039,412; and MARLBORO® LIGHTS Label, PRN 1,039,413, collectively known as the Marlboro Marks. (Id. Exs. A-D).[1]
As part of an ongoing effort to protect their rights to the Marlboro Marks, Plaintiff launched a series of investigations in February and March of 2003 from which the current claims arose. During those months, investigators retained by Phillip Morris USA[2] requested and purchased *1071 one pack of what appeared to be MARLBORO® brand cigarettes and one pack of what appeared to be MARLBORO LIGHTS® brand cigarettes from each defendant.[3] (Taylor Decl. Exs. 3-6 ¶ 3). Immediately thereafter, each pack was marked as evidence and labeled with the account number, store name, store address, price, purchaser and date of purchase. (Id. Exs. 3-6 ¶ 4). The labeled cigarettes were then placed within a sealed and separately labeled zip-lock bag and sent to an RQA affiliate for testing.[4] (Id. Exs. 3-6 ¶ 5).
Later, the packs were re-tested by the Phillip Morris USA Brand Integrity Group, each time reaching the same conclusions as the RQA testing. (Lowe Decl. ¶¶ 27-29, 33-35, 39-41, 45-47). The results showed that both packs of cigarettes purchased from Defendants La Paloma Bar and Sundara Lao Market were counterfeit while only the MARLBORO® LIGHTS purchased from Oscar's Texaco and Toluca Lake Tobacco-1 failed the tests.[5] (Id.).

III.

APPLICABLE LEGAL STANDARD
A. Motion For Summary Judgment
Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, when addressing a motion for summary judgment, this Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See id. at 256, 106 S.Ct. 2505. A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986).
An issue is genuine if evidence is produced that would allow a reasonable jury to reach a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248, 106 S.Ct. 2505. The Court will assume the truth of direct evidence set forth by the opposing party. See Hanon v. Dataproducts Corp., 976 F.2d 497, 507 (9th Cir. *1072 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. See Anderson, 477 U.S. at 249-50, 106 S.Ct. 2505; TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir.1987). In that regard, "a mere `scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some `significant probative evidence tending to support the claim.'" Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir.1997)(quoting Anderson, 477 U.S. at 252, 249, 106 S.Ct. 2505); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288 (9th Cir.1987)(holding that summary judgment may be granted if "the evidence is merely colorable ... or is not significantly probative").

IV.

DISCUSSION
A. Defendants Engaged in Unlawful Conduct Under Applicable Trademark Law
The record clearly indicates that Defendants' conduct constituted trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1),[6] and unfair competition under Cal. Bus. & Prof.Code § 17200 et seq (" § 17200").[7] Despite the existence of three distinct claims before the Court, the essential elements of the federal claims are identical and if met with adequate evidence are sufficient to establish liability under the state law claim as well. Brookfield Communications, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir.1999)(holding the same legal standard applies to sections 32(1) and 43(a) of the Lanham Act); Meta-Film Assocs. v. MCA, Inc., 586 F.Supp. 1346, 1363 (C.D.Cal.1984) (concluding that misappropriation deemed "unfair" under the Lanham Act is also "wrongful" and proscribed under § 17200).
Liability is established under all claims if Plaintiff can show: (1) it owns a valid and protectable interest/trademark in MARLBORO® and MARLBORO LIGHTS®; (2) Defendants subsequently and without authorization used a similar mark likely to cause consumer confusion, deception or mistake. Brookfield, at 1046-53; *1073 Century 21 Real Estate Corp. v. Magee, 1991 WL 318797, 1991 U.S. Dist. LEXIS 14611, at *7-8 (C.D.Cal.1991)(noting that evidence sufficient to establish these elements will entitle plaintiff to summary judgment on § 17200 claims).
1. Plaintiff's Trademarks are Valid and Protectable
The federal registration of a trademark with the U.S. Patent and Trademark Office constitutes "prima facie evidence of the validity of the registered mark, ownership of the mark and of the registrant's exclusive right to use the registered mark." 15 U.S.C. §§ 1057(b), 1115(a); Brookfield, 174 F.3d at 1046-47. Plaintiff has provided sufficient evidence to show Phillip Morris USA is the registered owner of the MARLBORO®, MARLBORO® Red Label, MARLBORO LIGHTS® and MARLBORO LIGHTS® Label. (Req. Judicial Notice ¶ 6, Exs. A-D). Without any opposition from Defendants, Plaintiff's evidence is sufficient to indicate a valid and protectable trademark.
2. Defendants Used a Similar Unauthorized Mark Likely to Cause Confusion
Defendants each sold a least one pack of counterfeit cigarettes to investigators retained by Philip Morris USA during either February or March of 2003. (Taylor Decl. ¶¶ 2, 5-8, Exs. 3-6; Lowe Decl. ¶¶ 25-48). Such counterfeit products undoubtedly constitute unauthorized use of a trademark. To prove liability under Sections 32(1) and 43(a) of the Lanham Act, Plaintiff must establish that the marks at issue are likely to confuse consumers. Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1391 (9th Cir.1993). "[T]he appropriate inquiry is whether the average purchaser would be likely to believe that the infringer's product has some connection with the trademark owner." Grey v. Campbell Soup Co., 650 F.Supp. 1166, 1173 (C.D.Cal.1986).
Likelihood of confusion is a factual determination normally made using an eight factor test. Accuride Int'l Inc. v. Accuride Corp., 871 F.2d 1531, 1534 (9th Cir.1989). However, "in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination ... because counterfeit marks are inherently confusing." Philip Morris USA Inc. v. Felizardo, 2004 WL 1375277, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004) ("counterfeit marks are inherently confusing"); Gucci America, Inc. v. Duty Free Apparel, Ltd., 286 F.Supp.2d 284, 287 (S.D.N.Y.2003)("counterfeits, by their very nature, cause confusion").
Although the Ninth Circuit has cautioned district courts to grant summary judgement in likelihood of confusion cases sparingly, as the determination usually requires a full record, the above analysis clearly indicates a strong likelihood of confusion. Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1265 (9th Cir.2001).
3. Ignorance is Not a Defense to Defendants' Violations
While Defendants argue they did not know the cigarettes were counterfeit, ignorance is no defense to violations of the Lanham Act. 15 U.S.C. § 1114; Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1152 n. 6 (7th Cir.1992)("Sellers bear strict liability for violations of the Lanham Act."); Henri's Food Products Co. Inc. v. Kraft, Inc., 717 F.2d 352, 359 (7th Cir.1983); Microsoft Corp. v. Logical Choice Computers, Inc., 2001 WL 58950, at *8 (N.D.Ill.2001)("Notably, as in the copyright realm, intentional infringement may lead to enhanced statutory damages, but is not required to prove a defendant's liability."); Taubman Co. v. *1074 Webfeats, 319 F.3d 770, 775 (6th Cir.2003)("[T]he Lanham Act is a strict liability statute."). Accordingly, it is beyond dispute that Defendants' sale of counterfeit cigarettes bearing Plaintiff's marks, whether done intentionally or not, violated both sections 32(1) and 43(a) of the Lanham Act. Likewise, strict liability is imposed for violations of § 17200. Hewlett v. Squaw Valley Ski Corp. 54 Cal.App.4th 499, 520, 63 Cal.Rptr.2d 118 (1997)("[§ 17200] imposes strict liability. It is not necessary to show that the defendant intended to injure anyone."). Liability having clearly been established, the only question remaining is the appropriate remedy.
B. Plaintiff Is Entitled To A Permanent Injunction
Plaintiff is entitled to permanent injunctive relief against future infringement of their marks by Defendants because irreparable harm will result absent such relief and a permanent injunction will serve the public interest. As the Fourth Circuit noted, when summary judgment has been granted on a finding of trademark infringement, a permanent injunction may be granted without a specific hearing on the issue. Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 939 (4th Cir.1995). Moreover, the Lanham Act expressly provides that a court may issue an injunction, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation" under Section 43(a). 15 U.S.C. § 1116(a); Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir.1997).
The referenced "principles of equity" are those that have been established in various federal cases. For example, as the Supreme Court has stated: "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Foxtrap, Inc. v. Foxtrap Inc., 671 F.2d 636, 639 (D.C.Cir.1982)("Denying injunctive relief would force a plaintiff to endure continuing infringement and to bring successive suits for money damages.").
In this case, the irreparable harm to Plaintiff resulting from such infringement, combined with the strong interest in protecting consumers, provide a comprehensive basis for the Court to issue injunctive relief. Indeed, this Court has already done so in related cases by granting preliminary injunctive relief against certain defendant retailers.[8]
1. Absent a Permanent Injunction, Plaintiff Will Suffer Irreparable Harm
Irreparable harm to reputation and goodwill is presumed as a matter of law where, as here, the plaintiff has demonstrated a likelihood of confusion arising from the infringement. Metro Publ'g Ltd. v. San Jose Mercury News, 987 F.2d 637, 640 (9th Cir.1993)("Once the plaintiff has demonstrated a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive *1075 relief is not granted."); Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 n. 3 (9th Cir.1989). Here Plaintiff has invested substantial time, effort, and money in advertising and promoting the Marlboro Marks throughout the United States. MidWest Tobacco, 1988 WL 150693, 1988 U.S. Dist. LEXIS 16787, at *2. As a result, the Marlboro marks are among the most widely recognized trademarks in the U.S., and Plaintiff has developed significant goodwill in these marks. Id., at *1-3, 1988 WL 150693; Allen Distribs., 48 F.Supp.2d at 855 ("[i]nfringing [the Marlboro and red roof trademarks] erodes that good will by confusing consumers").
Further, if the Court assess the relative hardships imposed by an injunction, the balance tips in favor of issuance. Plaintiff is only seeking to enjoin illegal activity. The injunction will not adversely affect any of Defendants' legitimate business operations, nor will they suffer any cognizable hardship as a result of its issuance. Conversely, Plaintiff will suffer harm in the form of disfavor from clients if Defendants' activities continue.
2. Injunctive Relief Would Serve the Public
It is well established that trademark law protects not only the private interests of the trademark owner but also the public's interest in not being confused by the infringing products. Inwood Labs., Inc. v. Ives Labs. Inc., 456 U.S. 844, 854 n. 14, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)("[T]he infringer deprives consumers of their ability to distinguish among goods" of competitors). "Thus, the purchasing public is an unnamed party in every action for trademark infringement." Original Appalachian Artworks, Inc. v. Granada Elecs., Inc., 640 F.Supp. 928, 932 (S.D.N.Y.1986); see also Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 197 (3d Cir.1990)(defining the "public interest" for a preliminary injunction in a trademark case as "most often a synonym for the right of the public not to be deceived or confused").
The instant action is no exception. As soon as the on-going sale of counterfeit cigarettes by each Defendant is stopped, patrons of these stores will no longer be confused or disappointed by the difference between the counterfeit cigarettes and the genuine MARLBORO® brand cigarettes. Accordingly, the issuance of a permanent injunction order serves the public interest. Allen Distribs., 48 F.Supp.2d at 855.
3. The Injunction Would Deter Future Infringement
For these reasons, the Court GRANTS Plaintiff's proposed permanent injunction which includes the following terms:
 A prohibition against purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and
 A prohibition against using the Marlboro Marks or trademarks confusingly similar therewith or the MARLBORO® and/or MARLBORO LIGHTS® trade dress or trade dress confusingly similar therewith, with the exception of the sale or the offering for sale of genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes.
By imposing the permanent injunction, such prohibitions will address consumer confusion resulting from the illegal use by Defendants of Plaintiff's marks and protect Plaintiff from the irreparable harm relating to the infringement.
D. Plaintiff Is Entitled To Statutory Damages
In addition, the Court GRANTS Plaintiff's request for statutory damages. A plaintiff who has suffered injury as a result of a defendant's use of a counterfeit mark *1076 in violation of Sections 32 and/or 43 of the Lanham Act may elect to recover statutory damages in an amount "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c). It is beyond dispute that each of these Defendants has infringed at least two of the following trademarks: the MARLBORO® trademark, the MARLBORO® Red Label trademark, the MARLBORO® LIGHT trademark and the MARLBORO® LIGHT Label trademark. Thus, Plaintiff is entitled to recover up to $400,000 statutory damages from two of the four Defendants and up to $200,000 from the other two Defendants.
As this statutory damages provision was recently added to the Lanham Act, there is little case law available to assist the Court in determining what constitutes an appropriate statutory award. Consequently, courts faced with determining statutory damages under the Lanham Act have often been guided by the body of case law developed to interpret the similar statutory damage provision in the Copyright Act, 17 U.S.C. § 504(c). See e.g., Sara Lee Corp. v. Bags of New York, Inc., 36 F.Supp.2d 161, 166 (S.D.N.Y.1999).
The U.S. Supreme Court has stated that along with restitution of profit and reparation of injury, deterrence of future infringement is an important factor in determining statutory damages under the Copyright Act. F.W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952). Influenced by Woolworth, the Ninth Circuit has held that an award of statutory damages under the Copyright Act need not resemble the amount of plaintiff's actual damages. See Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336-37 (9th Cir.1990). In Pausa, the court upheld the district court's award of the maximum allowable statutory damages under the Copyright Act, despite the fact that the plaintiff may have suffered only nominal damages, in part because of the deterrent effect of such an award. Id.
In this case, Plaintiff seeks to deter Defendants from selling counterfeit products in the future. Thus, Plaintiff requests that the Court impose statutory damages in the amount of $10,000 per Defendant. This amount is well below the maximum available to Plaintiff for Defendants' sales of counterfeit cigarettes bearing the Marlboro Marks. Accordingly, it is demonstrably reasonable and is certainly likely to deter these retailers from continuing the illegal behavior. The award is also appropriate given the fact that three of the four Defendants did not file an opposition and have refused to voluntarily cooperate with Plaintiff's efforts to identify their source of supply unlike many other similarly situated defendants. (Burk Decl. ¶¶ 2,3).

V.

CONCLUSION
Based on the foregoing, the Court GRANTS Plaintiff's motion for summary judgment and AWARDS Plaintiff the requested permanent injunction as well as statutory damages in the amount of $10,000 per Defendant.
IT IS SO ORDERED.
NOTES
[1] The Court hereby grants Plaintiff's request for Judicial Notice as to the existence, validity, protectability and incontestability of these trademarks pursuant to 15 U.S.C. § 1065.
[2] All investigators were representatives of RQA, Inc., a market research firm retained by Phillip Morris USA.
[3] The four Defendants are: (1) Ramon Romero, individually and doing business as Oscar's Texaco; (2) Consuelo Prieto, individually and d.b.a La Paloma Bar; (3) Malaythong Sundara and Prasith Sundara, individually and d.b.a. Sundara Lao Market; and (4) Caesar Milch, individually and d.b.a. Toluca Lake Tobacco-1.
[4] RQA has knowledge of and is trained to use specialized tests to determine whether cigarettes are counterfeit. (Lowe Decl. ¶ 8(a)-(b)).
[5] Details of the tests used by RQA and the Brand Integrity Unit as well as the specific results of these tests for each pack of cigarettes are contained in the attached Appendix sealed by the Court out of Plaintiff's propriety concerns. The Court accepts these results as undisputed proof that the cigarettes sold by Defendants were not manufactured by Phillip Morris.
[6] Section 32(1) applies to federally registered marks and provides that to prevail on a claim of trademark infringement, a plaintiff must prove that the defendant used in commerce, without plaintiff-registrant's consent, a reproduction or copy of a registered trademark in connection with the sale of any goods or services, and that such use is likely to deceive consumers. 15 U.S.C. § 1114(1); Brookfield Communications, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir.1999).

Section 43(a)(1) applies to both registered and unregistered trademarks and likewise provides that, to prevail on a claim of false designation of origin, a plaintiff must prove that the defendant used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval, of defendant's goods by plaintiff. 15 U.S.C. § 1125(a)(1)(2004); Brookfield, 174 F.3d at 1046 n. 6.
[7] § 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." An unlawful business activity is a question of fact and includes anything that can properly be called a business practice and at the same time forbidden by law. Pastoria v. Nationwide Ins., 112 Cal.App.4th 1490, 1496, 6 Cal.Rptr.3d 148 (2003).
[8] See Phillip Morris USA, Inc. v. J Luis Meat Market, Inc., No. 02-9290-GAF (C.D. Cal. filed July 7, 2003)(granting preliminary injunction); Phillip Morris USA, Inc. v. First Store 98 Discount, Inc, No. 03-1462-GAF (C.D. Cal. filed May 30, 2003)(enjoining 32 retailers); Phillip Morris USA, Inc. v. Dhillon, No. 02-8257-GAF (C.D. Cal. filed Nov. 13, 2002)(enjoining 19 retailers). Plaintiff requests and the Court grants judicial notice of these decisions pursuant to Rule 201of the Federal Rules of Evidence and Kelly v. Johnston, 111 F.2d 613, 614-15 (9th Cir.1940).