**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILY DIAZ, on behalf of herself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>FIRST AMERICAN HOME BUYERS PROTECTION CORPORATION, a California corporation,<br><br>        Defendant - Appellee. | No. 11-57239<br><br>D.C. No. 3:09-cv-00775-H-WMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Emily Diaz appeals the final orders of the district court dismissing her state

law claims for concealment and unfair competition under Federal Rule of Civil

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Procedure 12(b)(6), dismissing her fraud, breach of contract and breach of the implied covenant of good faith and fair dealing under Rule 12(b)(1) and denying her motion to correct or modify the record under Federal Rule of Appellate Procedure 10(e). For the reasons stated here, we vacate dismissal of Diaz's concealment and unfair competition claims and lack jurisdiction to review the order denying Diaz's motion to correct or modify the record.[1]

**1.** Diaz has adequately alleged a cause of action for concealment. Although First American relies on *United Guaranty Mortgage Indemnity Co. v. Countrywide Financial Corp.*, 660 F. Supp. 2d 1163, 1186-87 (C.D. Cal. 2009), to argue that California Insurance Code § 332 does not impose a duty to disclose, California law is to the contrary. *See Pastoria v. Nationwide Ins.*, 6 Cal. Rptr. 3d 148, 150, 152, 155 (Ct. App. 2003). California law also recognizes an insurer's "special relationship" with an insured, under which an insurer has the duty reasonably to inform an insured of her rights under an insurance policy. *See Vu v. Prudential Prop. & Cas. Ins. Co.*, 33 P.3d 487, 491-92 (Cal. 2001); *Davis v. Blue Cross of N. Cal.*, 600 P.2d 1060, 1065 (Cal. 1979).

---

[1] We address the parties' remaining contentions in a concurrently filed opinion.

We are not persuaded that Diaz was on notice of First American's allegedly concealed practices by virtue of online consumer complaints. Diaz did not allege that she was aware of the online complaints at the time that she acquired her First American policy. The fact that the complaints were in the public domain did not place her on constructive notice. *See Vega v. Jones, Day, Reavis & Pogue*, 17 Cal. Rptr. 3d 26, 35 (Ct. App. 2004) ("[T]he contention that publicly available information cannot form the basis for a concealment claim is mistaken. The mere fact that information exists somewhere in the public domain is by no means conclusive."); 5 B.E. Witkin, Summary of California Law, Torts § 813, p. 1175 (10th ed. 2005) ("The mere existence of an opportunity to investigate, or of sources of information, will not preclude the plaintiff from relying on the representations."). Furthermore, even if Diaz had constructive knowledge of the online complaints, she would have been justified in treating them as the opinions of unhappy customers rather than assuming them to be true.

Diaz also pled concealment with sufficient particularity to satisfy Fed. R. Civ. P. 9(b). The first amended complaint alleged that First American denied the sewage backup claim on a pretextual ground and that Diaz was required to hire her own plumber to fix the problem. It alleged that First American sent an incompetent plumber to fix the leaking water heater who was unable to do so and

3

tried to get Diaz to agree to replace the water heater. So Diaz was required to hire her own plumber, who fixed the problem without replacing the water heater. These allegations are linked to the complaint's concealment allegations, which include the allegation that First Amendment denies claims for pretextual reasons and uses substandard contractors. The complaint, moreover, alleged that Diaz would not have entered into a home warranty contract with First American if she had been aware of the facts that First American allegedly failed to disclose. These allegations assert causation with sufficient particularity.

**2.** In light of *Zhang v. Superior Court*, 304 P.3d 163 (Cal. 2013), Diaz adequately alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, because her claims are premised on fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, even if First American's alleged conduct also may have violated the Unfair Insurance Practices Act. *See Zhang*, 304 P.3d at 177 ("[W]hen insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie."). *Zhang* expressly disapproves of *Textron Financial Corp. v. National Union Fire Insurance Co.*, 13 Cal. Rptr. 3d 586 (Ct. App. 2004), upon which First American relies. *See Zhang*, 304 P.3d at 176.

The district court's dismissal of Diaz's unfair competition claim may not be affirmed on the alternative grounds urged by First American. First, as we have already explained in connection with Diaz's claim for concealment, she has alleged reliance with adequate particularity. Furthermore, even if Diaz had not pled fraud with sufficient particularity, her unfair competition claims are also predicated on breach of contract and breach of the implied covenant of good faith and fair dealing. Second, we reject First American's contention that Diaz has no claim for restitution because her home warranty premiums were paid by the seller. The complaint does not disclose who paid the premiums. Furthermore, even if they were paid by the seller, this would not necessarily preclude Diaz from relief. Regardless of who paid the premiums, there is no question that Diaz was the beneficiary of the home warranty plan and that Diaz – at least in some sense – paid for the plan by delivering the purchase price of the building to the seller. California courts do not categorically bar the recovery of restitution by a plaintiff who paid a third party rather than paying the defendant directly. *See Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 616-18 (Ct. App. 2009); *Shersher v. Superior Court*, 65 Cal. Rptr. 3d 634, 636 (Ct. App. 2007).

**3.** Because Diaz did not file a timely notice of appeal challenging the district court's order denying her Fed. R. App. P. 10(e) motion to correct or modify

the record, we lack jurisdiction to address it. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012) ("If there has been no timely notice of appeal from an order, a circuit court of appeal has no jurisdiction to review that order."). Diaz points out that she filed a motion to file a replacement brief within 30 days of the district court's Rule 10(e) order, and she argues that this motion should be construed as a notice of appeal under *Intel Corp. v. Terabyte International, Inc.*, 6 F.3d 614, 618 (9th Cir. 1993). Unlike the opening brief in *Intel Corp.*, however, Diaz's motion to file a replacement brief did not satisfy the requirements of Fed. R. App. P. 3.

Each party shall bear its own costs of appeal.

**VACATED AND REMANDED.**