Jeffery D. ROSAL, Plaintiff,

v.

**FIRST FEDERAL BANK OF CALIFORNIA, et al., Defendants.**

**No. C 09–1276 PJH.**

United States District Court, N.D. California.

July 15, 2009.

Ronald Veridiano Uy, Law Office of Ronald V. Uy, Stevan J. Henrioulle, Law Office of Uy & Henrioulle, Oakland, CA, Kelly Marie Robinson, for Plaintiff.

Aron Philip Hochhauser, Steven Norman Richman, Epport, Richman & Robbins LLP, Los Angeles, CA, Peter Karl Wolff, Jr., Attorney at Law, Walnut Creek, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

PHYLLIS J. HAMILTON, District Judge.

Before the court is a motion to dismiss filed by defendants First Federal Bank of California ("FFB"), Seaside Financial Corporation ("Seaside"), T.D. Service Company ("T.D.") and All Phase Brokers ("All Phase"). Also before the court is a motion to dismiss filed by defendant ServiceLink. Plaintiff Jeffery Rosal ("plaintiff") opposes the motions. The court finds these matters suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Having read the parties' papers and considered the relevant legal authority, the court hereby GRANTS defendants' motions to dismiss, for the reasons stated below.

### BACKGROUND

This action arises out of a non-judicial foreclosure sale of real property purchased

by plaintiff. Plaintiff is a resident of Alameda County and purchaser of real property located at 35114 Adriano Street, Fremont, California 94536 (the "property"). First Amended Complaint ("FAC") ¶¶ 2, 11. Plaintiff financed the acquisition of the property by executing an Adjustable Rate Mortgage Note, promising to pay FFB $508,000. *Id.* ¶¶ 2, 22–23; ServiceLink's Request for Judicial Notice ("RJN"), Exh. A. The Note is secured by a first priority Deed of Trust against the property, dated November 17, 2005. FAC ¶ 22; ServiceLink's RJN, Exh. A. The Deed of Trust named FFB as beneficiary and Seaside as trustee. ServiceLink's RJN, Exh. A.

According to the FAC, FFB is engaged in the business of promoting, marketing, distributing and selling ARM loans, Seaside is engaged in the business of providing financial services related to home loans, T.D. is in the business of providing foreclosure services to the mortgage industry, ServiceLink is in the business of providing origination and default services, and All Phase is in the business of listing real estate properties for sale and assisting buyers and sellers with their respective real estate purchases and sales. FAC ¶¶ 2–7.

After plaintiff fell $22,036.55 in arrears on loan payments, a non-judicial foreclosure was initiated when a Notice of Default and Election to Sell Under Deed of Trust was recorded on June 4, 2008. ServiceLink's RJN, Exh. B. On October 1, 2008, a Notice of Trustee's Sale was recorded, stating that plaintiff was in default under a Deed of Trust dated November 17, 2005 as Instrument No. 2005511998 in the Official Records of Alameda County, and that the property would be subject to sale in a public auction on October 23, 2008. *Id.*, Exh. C. On March 23, 2009, a Trustee's Deed Upon Sale was recorded, stating that the property was purchased by FFB on March 16, 2009. *Id.*, Exh. L.

On March 24, 2009, plaintiff filed the instant action against FFB, Seaside, T.D., ServiceLink and All Phase Brokers (collectively "defendants"), alleging fifteen causes of action. On April 29, 2009, ServiceLink filed a motion to dismiss, and on May 4, 2009, FFB, Seaside, T.D. and All Phase Brokers filed a motion to dismiss. Plaintiff did not oppose these motions. Instead, on June 15, 2009, two days before the hearing on these motions, plaintiff filed an amended complaint, alleging fourteen causes of action: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1611 *et seq.* ("TILA"); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* ("RESPA"); (3) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); (4) violation of California's Unfair Competition Law, Bus. & Prof.Code § 17200 *et seq.* ("UCL"); (5) breach of fiduciary duty; (6) breach of the implied covenant of good faith and fair dealing; (7) promissory estoppel; (8) fraud by intentional misrepresentation; (9) fraud by concealment; (10) restitution for unjust enrichment; (11) violation of California's False Advertising Law, Bus. & Prof.Code § 17500 *et seq.* ("FAL"); (12) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.* ("RFDCPA"); (13) cancellation of void instrument; and (14) injunctive relief. *See* FAC.[1] The FAC, among other things, deleted a cause of action for civil conspiracy and added allegations related to equitable tolling.

---

1. Plaintiff's first through ninth and eleventh causes of action are alleged only against FFB. Plaintiff's tenth, twelfth, thirteenth and fourteenth causes of action are alleged against all defendants.

Plaintiff did not attend the hearing held on June 17, 2009, at which the court granted defendants' motions to dismiss, for the reasons stated on the record. The court also, in light of the filing of the FAC and defendants' stated intent to seek dismissal of the FAC, ordered an expedited briefing schedule on defendants' motions to dismiss the FAC.

On June 24, 2009, defendants filed motions to dismiss the FAC. On June 1, 2009, plaintiff filed an opposition. Replies were filed on July 7, 2009.

## DISCUSSION

### A. Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir.2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), or that a plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary—the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570, 127 S.Ct. 1955.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, —— U.S.

——, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Two working principles underlie *Twombly:* (1) the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements; and (2) determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Iqbal,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955). In considering a motion to dismiss, a court may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Iqbal,* 129 S.Ct. at 1940. Legal conclusions can provide the complaint's framework, but they must be supported by factual allegations. *Id.* When a complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1940–41.

 In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). An exception to this rule is that a court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Id.* at 689; *see also Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991).

**B. Judicial Notice**

 Defendants move for judicial notice of their exhibits in support of their motions to dismiss pursuant to Federal Rule of Evidence 201.

ServiceLink requests that the court take judicial notice of the following documents: (1) Deed of Trust and Assignment of Rents, dated November 17, 2005 and recorded on November 30, 2005, in the Official Records of Alameda County, California as Instrument No. 2005511998; (2) Notice of Default and Election to Sell Under Deed of Trust, dated June 3, 2008 and recorded on June 4, 2000, in the Official Records of Alameda County, California as Instrument No. 2008178388; (3) Notice of Trustee's Sale, dated September 26, 2008 and recorded on October 1, 2008, in the Official Records of Alameda County, California as Instrument No. 2008290163; (4) Voluntary Bankruptcy Petition filed by plaintiff on October 21, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08–46031; (5) Order of Dismissal entered on November 13, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08–46031 EDJ; (6) Voluntary Bankruptcy Petition filed by plaintiff on November 17, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08–46691; (7) Order of Dismissal entered on December 10, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08–46691–J–13; (8) Voluntary Bankruptcy Petition filed by plaintiff on January 8, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09–40089; (9) Order of Dismissal entered on February 19, 2009 in the United States Bankruptcy Court, Northern District of California,

Oakland Division, Case No. 09–40089EDJ; (10) Order Granting Motion For Relief From Automatic Stay entered on February 24, 2009, in the United States Bankruptcy Court, Central District of California, Los Angeles Division, and recorded on March 12, 2009, in the Official Records of Alameda County, California as Instrument No. 2009073916; (11) Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09–41513; (12) Trustee's Deed Upon Sale, dated March 16, 2009 and recorded on March 23, 2009, in the Official Records of Alameda County, California as Instrument No. 2009083855; and (13) Order of Dismissal entered on March 26, 2009, 2009 WL 837570, in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09–41513–RN.

FFB, Seaside, T.D. and All Phase also request that the court take judicial notice of: (1) Notice of Default and Election to Sell Under Deed of Trust, dated June 3, 2008 and recorded on June 4, 2008, in the Official Records of Alameda County, California as Instrument No. 2008178388; (2) Notice of Trustee's Sale, dated September 26, 2008 and recorded on October 1, 2008, in the Official Records of Alameda County, California as Instrument No. 2008290163; and (3)Trustee's Deed Upon Sale, dated March 16, 2009 and recorded on March 23, 2009, in the Official Records of Alameda County, California as Instrument No. 2009083855.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As to the documents recorded in the Official Records of Alameda County, the court takes judicial notice of these documents as they are matters of public record. *See MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); *W. Fed. Sav. v. Heflin,* 797 F.Supp. 790, 792 (N.D.Cal.1992) (taking judicial notice of documents in a county public record, including deeds of trust).

As to the bankruptcy court filings, the court takes judicial notice of this information. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir.2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); *Headwaters Inc. v. United States Forest Service,* 399 F.3d 1047, 1051 n. 3 (9th Cir.2005) (courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

Accordingly, defendants' requests for judicial notice are GRANTED.

### C. Bankruptcy Court Proceedings

As a preliminary matter, ServiceLink argues that, contrary to the allegations in the FAC,[2] defendants acted within their right to conduct the Trustee's Sale on March 16, 2009, because the Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009, ServiceLink's RJN,

---

2. The FAC alleges that "Defendants Seaside, T.D., ServiceLink and All Phase violated the automatic stay applied to certain collection and other actions against the Plaintiff and the Plaintiff's property." FAC ¶ 129.

Exh. K, did not stay defendants' right to enforce foreclosure remedies.

In support of this contention, ServiceLink submitted an order from the United States Bankruptcy Court, Central District of California, dated February 24, 2009, granting FFB's motion for relief from automatic stay pursuant to 11 U.S.C. § 362. ServiceLink's RJN, Exh. J. The order states that the automatic stay of 11 U.S.C. § 362(a) is terminated as to plaintiff's bankruptcy estate, affecting real property located at 35114 Adriano Street, Fremont, CA 94536, pursuant to 11 U.S.C. § 362(d)(1), (2), (4). *Id.* Specifically, the order states that movant, FFB, "may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law . . ." *Id.* The order further states that the filing of the bankruptcy petition was part of a scheme to delay, hinder and defraud creditors that involved the "transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval" and "multiple bankruptcy filings affected the Property." *Id.* Finally, the order states that if it is properly recorded in compliance with the applicable State laws, the order shall be binding for two years after the date of entry of the order. *Id.* FFB, Seaside, T.D. and All Phase assert that the order was properly recorded on March 14, 2009.

In addition, ServiceLink submitted an order from the United States Bankruptcy Court, Northern District of California, Oakland Division, dated March 26, 2009, ServiceLink's RJN, Exh. M, dismissing the bankruptcy action initiated by the Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009.

Based on the foregoing, the court concludes that the Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009, did not stay defendants' right to enforce foreclosure remedies.

### D. Defendants' Motions to Dismiss

#### 1. First Cause of Action: Violation of TILA

■ Plaintiff's first cause of action alleges that defendants violated TILA's disclosure requirements by failing to: (1) provide plaintiff with two copies of his right of rescission; (2) clearly and conspicuously disclose the interest rate with a Truth in Lending Disclosure Statement ("TILDS") within 3 business days after the initial application for the loan; and (3) provide the Initial Arm Disclosure, i.e., disclose the annual percentage rate of the loan, the amount of the regular monthly payment, that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment, based on the maximum interest rate allowed, within 3 business days after the initial application for the loan. Plaintiff seeks remedies of both rescission and damages for improper disclosures under TILA.

■ TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. *See* 15 U.S.C. § 1601 *et seq.* A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *King v. State of California,* 784 F.2d 910, 915 (1986); *see also Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

Plaintiff signed his loan documents in November 2005, but did not file suit until March 24, 2009. As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies. *See King*, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).

▮▮▮ "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir.2006) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir.2000). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.; see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant . . .").

As to equitable tolling, plaintiff alleges as follows:

It was not until about the time of the commencement of the foreclosure proceedings that Plaintiff became aware of the violations of federal and state laws and the wrongdoing of Defendants as alleged herein. The Actions of Defendants caused Plaintiff to be put on notice of the illegality of the transaction and of his rights of recourse for the actions of Defendant. Plaintiff had relied on the statements, his repositing of his faith and confidence in the relationship between Plaintiff and the Defendants to lull him into a false sense of security and misdirect him form [sic] the illegal acts of defendant as alleged herein. By the acts of defendants as alleged herein, the applicable statutes of limitations were tolled.

FAC ¶ 28.

Even construing the allegations of the FAC liberally, plaintiff failed to allege sufficient facts demonstrating entitlement to equitable tolling. Assuming, for purposes of the motions before the court, that FFB's acts violated TILA, plaintiff had the information he needed to discover and bring an action regarding the alleged wrongs more than three years before filing suit. *See Meyer*, 342 F.3d at 902 ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed."). Nothing in the FAC suggests that plaintiff was prevented from comparing his loan documents and disclosures with TILA statutory and regulatory requirements. *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir.1996). Nor did plaintiff plead facts demonstrating that equitable tolling is warranted under the circumstances, such as facts showing that he actively pursued his judicial remedies by filing a defective pleading during the statutory period, was induced or tricked by defendants' misconduct into allowing the filing deadline to pass, or was unable to obtain vital information bearing on the existence of his TILA claim, despite all due diligence.

While plaintiff generally alleges that he "relied on the statements, his repositing of his faith and confidence in the relationship between [himself] and the Defendants to lull him into a false sense of security and misdirect him form [sic] the illegal acts of defendant as alleged herein," he did not plead any specific conduct on the part of FFB that prevented him from discovering the alleged TILA violations and filing an action within the statute of limitations. Nor did plaintiff adequately explain why he did not become aware of "the violations of federal and state laws and the wrongdoing of Defendants" until the commencement of the foreclosure proceedings, or otherwise offer any persuasive argument demonstrating entitlement to equitable tolling. *See Scholar v. Pac. Bell,* 963 F.2d 264, 267–68 (9th Cir.1992) (holding that equitable tolling is applicable only in "extreme cases"; noting that courts have been generally unforgiving when a late filing is due to the failure to exercise due diligence in preserving legal rights). Accordingly, because the allegations of the FAC are insufficient to invoke the equitable tolling doctrine, plaintiff's TILA damages claim is time-barred, and therefore is dismissed.

■ As to rescission, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n,* 791 F.2d 699, 701 (9th Cir.1986); 15 U.S.C. § 1635(a). TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1–.29 ("Reg Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. *Semar,* 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f); *see also* 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").

■ Because plaintiff commenced the instant action more than three years after signing his loan documents, his TILA rescission claim is time-barred. *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) (holding that " § 1635(f) completely extinguishes the right of rescission at the end of the 3–year period"); *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir.2002). Alternatively, because plaintiff commenced the instant action eight days after the foreclosure sale, rescission is no longer an available remedy. *See Meyer,* 342 F.3d at 902 (right to rescind expires when property is sold); *Hallas v. Ameriquest Mortg. Co.,* 406 F.Supp.2d 1176, 1183 (D.Or.2005) (foreclosure sale terminated plaintiff's right of rescission).

Accordingly, plaintiff's first cause of action is dismissed for failure to state a claim upon which relief may be granted.

2. Second Cause of Action: Violation of RESPA

■ Plaintiff's second cause of action alleges that defendants failed to provide

him with various disclosures as required under RESPA in violation of 12 U.S.C. §§ 2603, 2604 and 2605.

"RESPA requires mortgage lenders to disclose the costs associated with real estate closings." *Bloom v. Martin*, 77 F.3d 318, 320 (9th Cir.1996) (citing 12 U.S.C. § 2601). RESPA was enacted to institute:

[S]ignificant reforms in the real estate settlement process ... to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a).

As to § 2605, plaintiff alleges that defendants failed to disclose, "at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." Even assuming the truth of this allegation, claims under § 2605 are governed by a three-year statute of limitations. 12 U.S.C. § 2614. Thus, since the alleged RESPA violations which plaintiff complains of occurred in November 2005, and this action was not filed until March 24, 2009, well outside the three-year limitations period, plaintiff's claim under § 2605 is time-barred. While the Ninth Circuit has not addressed the question of whether equitable tolling is available under RESPA, several district courts have addressed this issue and determined that equitable tolling was available. *See e.g., Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1118 (E.D.Cal.2009); *Marcelos v. Dominguez*, 2008 WL 1820683, *6 (N.D.Cal.2008); *Bloom*, 865 F.Supp. at 1386–87. However, even assuming that equitable tolling is available, plaintiff has failed to allege suffi-

cient facts demonstrating entitlement to equitable tolling, for the reasons stated above.

To the extent that plaintiff attempts to state a claim for relief based on a violation of § 2603 or § 2604, he failed to plead a cognizable cause of action. There is no private right of action for disclosure violations under § 2603, *Bloom v. Martin*, 865 F.Supp. 1377, 1384–85 (N.D.Cal.1994), or under § 2604, *Bamba v. Resource Bank*, 568 F.Supp.2d 32, 34–35 (D.D.C. 2008) (citing *Collins v. FMHA–USDA*, 105 F.3d 1366, 1367–68 (11th Cir.1997)).

Accordingly, plaintiff's second cause of action is dismissed for failure to state a claim upon which relief may be granted.

3. Third Cause of Action: Violation of ECOA

Although unclear, plaintiff's third cause of action appears to allege that defendants violated the ECOA by failing to disclose a document as required by Regulation B.

Plaintiff's ECOA claim fails to satisfy the minimal notice pleading requirements of Rule 8. Plaintiff did not identify the specific provision of the ECOA that FFB allegedly violated or the manner in which FFB's conduct violated this provision. While Rule 8 only requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must contain allegations putting FFB on fair notice of the claim asserted and the ground upon which it rests. Neither FFB nor the court need speculate as to which provision plaintiff is suing under or how FFB violated this provision. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

Accordingly, plaintiff's third cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 4. Fourth Cause of Action: Violation of California's UCL

██ Plaintiff's fourth cause of action titled, "Violation of California's Unfair Competition Law, Bus. & Prof.Code § 17200 et seq., 'Unfair' and 'Fraudulent' Business Acts or Practices Predicated on Violations of TILA," alleges that defendants violated § 17200 by engaging in unlawful, unfair, fraudulent and/or deceptive business practices. Specifically, plaintiff alleges, on information and belief, that "Defendants engaged in misrepresenting material facts regarding the low "teaser" interest rate applied to his ARM loan for only a month"; "Defendants engaged in misrepresenting material facts regarding the application of payments to both interest and principal when in fact, the monthly payment would not cover even the entire interest applied that month"; and "Defendants engaged in misrepresenting material facts regarding the possibility of an interest rate change by using the language 'may' when it was certain that the interest rate would change significantly." Plaintiff asserts that by engaging in this conduct, defendants have committed one or more acts of unfair competition with the meaning of § 17200.

In addition, plaintiff alleges that "Defendants unlawful business acts and/or practice as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore per se violations of § 17200 et seq., including "Defendants failure to comply with the disclosure requirements mandated by TILA, . . . Regulation Z and Official Staff Commentary issued by the Federal Reserve Board."

██ To state a claim for unfair competition pursuant to § 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200. Because the statute is written in the disjunctive, it applies separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. See Pastoria v. Nationwide Ins., 112 Cal.App.4th 1490, 1496, 6 Cal.Rptr.3d 148 (2003). The purpose of the UCL is "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." Kasky v. Nike, Inc., 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002).

██ The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir.2000). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal.App.4th 832, 838–39, 33 Cal.Rptr.2d 438 (1994). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. See, e.g., Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001); Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal.App.4th 1050, 1060, 28 Cal.Rptr.3d 933 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") (quotation marks omitted).

To the extent that plaintiff's § 17200 claim is predicated on FFB's purported violations of TILA and its regulations, it fails as a matter of law. Plaintiff's TILA rescission and damages claims are time-barred, and thus his UCL claim based on

TILA violations likewise fails. Without the predicate TILA violation, there can be no § 17200 claim for unlawful business practices. *See Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d 1157, 1168 (C.D.Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on TILA likewise failed).

▇ To the extent that plaintiff's § 17200 claim is predicated on the "fraudulent" prong of the UCL,[3] based on conduct other than the alleged TILA violations, it is subject to dismissal for failure to state a claim. Although fraud is not an essential element of a claim under § 17200, allegations of fraudulent conduct must nevertheless satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–05 (9th Cir.2003) (the heightened pleading standards of Rule 9(b) apply to allegations of fraud and allegations that sound in fraud, including false misrepresentations); *see also Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F.Supp.2d 1214, 1219 (E.D.Cal.2005) ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."); *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). "[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim." *Vess*, 317 F.3d at 1105.

▇ Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess*, 317 F.3d at 1106. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* " '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.* (emphasis in original). "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Superior Court*, 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996) (internal quotation marks omitted).

▇ As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir.2007); *see also Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D.Cal. 1998) (Where an action involves multiple

---

**3.** Based on the allegations in the FAC, the primary underlying wrong that plaintiff is alleging is based on fraud. Indeed, according to plaintiff, his "causes of action, including that for violation of California's Unfair Competition Law ... are basically anchored on the fraudulent acts committed by the Defendants (particularly, First Federal)."

defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.' ").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir.1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." *Id.* (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985)).

▆▆ Plaintiff's § 17200 claim fails to satisfy the heightened pleading requirements of Rule 9(b) to state a cognizable claim based on the "fraudulent" prong of the UCL. Plaintiff did not plead with the requisite particularity the specific representations that are attributable to FFB, the identity of the FFB employee who made the representations, their authority to speak, what they said or wrote, and when it was said or written. In short, plaintiff failed to sufficiently allege the circumstances constituting the alleged misrepresentations to give FFB adequate notice of the particular misconduct so that FFB can defend against the charge.

Because the particular averments of fraud are insufficiently pled under Rule 9(b), plaintiff's allegations regarding defendants fraudulent conduct are stripped from the claim. Disregarding the allegations of the fraudulent conduct alleged in support of this claim, all that remains is an allegation that FFB's purported violations of TILA and its regulations constitute an unlawful business acts and/or practice, which,

as stated above, is an insufficient basis for a § 17200 claim under the circumstances.

Accordingly, plaintiff's fourth cause of action is dismissed for failure to state a claim upon which relief may be granted.

5. Fifth Cause of Action: Breach of Fiduciary Duty

Plaintiff's fifth cause of action alleges that defendants "created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of plaintiff." Plaintiff further alleges that defendants "placed themselves in a position of trust by virtue of the expertise represented by and through their employees," and that he "relied on Defendant's [sic] superior position and skills and placed his trust and confidence in Defendants to act in a fair and reasonable manner for his best interest and, thereby created a confidential relationship with Defendants." Plaintiff asserts that defendants breached their fiduciary duties owed to plaintiff by acting "for their own benefit to the detriment of Plaintiff and in derogation of their promises and averments to him to act in his best interest" and "by placing and negotiating loans without due care to the best interest of Plaintiff or for the protection of his rights."

▆▆ "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Pellegrini v. Weiss*, 165 Cal. App.4th 515, 524, 81 Cal.Rptr.3d 387 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." *Pierce v. Lyman,*

1 Cal.App.4th 1093, 1101–02, 3 Cal.Rptr.2d 236 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093, n. 1, 283 Cal.Rptr. 53 (1991) (citing *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476–478, 261 Cal.Rptr. 735 (1989)). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53 (citing *Kruse v. Bank of America*, 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)). Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corp. v. Superior Court*, 145 Cal. App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006).

Plaintiff's breach of fiduciary claim fails to satisfy the minimal notice pleading requirements of Rule 8. The FAC did not allege any special circumstances giving rise to a fiduciary relationship between plaintiff and FFB. Accordingly, plaintiff's fifth cause of action is dismissed for failure to state a claim upon which relief may be granted.

6. Sixth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing

■ Plaintiff's sixth cause of action alleges that at all times there existed an implied covenant of good faith and fair dealing requiring defendants to "safeguard, protect, or otherwise care for the assets and rights of Plaintiff," and that "[s]aid covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff." Plaintiff further alleges that the commencement of foreclosure proceedings without the production of disclosures required by law constitutes a breach of the covenant, and that the actual transfer/sale of the property without production of disclosures required by law constitutes a breach of the covenant.

■ Every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 798, 71 Cal.Rptr.3d 885 (2008). To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract. *See Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal.App.4th 1026, 1031, 14 Cal. Rptr.2d 335 (1992); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349–50, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (2000) (the covenant of good faith and fair dealing cannot be endowed with an existence independent of its contractual underpinnings, and thus cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement). " 'In essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.' " *Racine & Laramie*, 11 Cal. App.4th at 1031–32, 14 Cal.Rptr.2d 335 (emphasis in original).

Apart from asserting a breach of the implied covenant of good faith and fair dealing, plaintiff does not allege facts establishing that FFB breached a contractual obligation. Even construing the allegations in the FAC liberally, plaintiff did not allege a contractual obligation breached by FFB arising from any agreement he made with FFB. As such, plaintiff has failed to allege sufficient facts to withstand a mo-

tion to dismiss. *Racine & Laramie*, 11 Cal.App.4th at 1032, 14 Cal.Rptr.2d 335 ("There is no obligation to deal fairly or in good faith absent an existing contract.").

Accordingly, plaintiff's sixth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 7. Seventh Cause of Action: Promissory Estoppel

Plaintiff's seventh cause of action alleges that he justifiably, reasonably and detrimentally relied on false promises, representations and assurances of defendants based on the "relations of trust and confidence between [himself] and Defendants" and his "status as a first-time home buyer, among other reasons stated above." Plaintiff further alleges that based on such reasonable and justifiable reliance, he was "lulled into a false sense of security resulting in inaction and failure to discover the numerous violations of federal and state law and other legal causes of action, which he had."

More specifically, plaintiff alleges that the "actions by defendants by failing to adequately disclose transfers of interest, failing to make the statutorily required disclosures in the loan process, and continuing to service the loan and extract monies form [sic][him] for the time after the closing of the transaction to the dates shortly before the filing of the complaint, lulled [him] in to a false sense so that he did not know of or was prevented from pursuing his remedies." Plaintiff asserts that "Defendants, in equity, cannot and should not be allowed to retain any income, profits and gains acquired by way of their false promises, representations and assurances which induced [him] to enter into the Defendants' fraudulent scheme resulting in justifiable detrimental reliance by [him] and their [sic] delay in seeking his legal remedies."

■■■■■ Promissory estoppel applies whenever a promise which the promissor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance would result in an injustice if the promise were not enforced. *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 283–84, 31 Cal. Rptr.3d 619 (2005). To be binding, the promise must be clear and unambiguous. *Id.* at 284, 31 Cal.Rptr.3d 619. "The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology, Inc. v. State*, 129 Cal.App.4th 887, 901, 28 Cal.Rptr.3d 894 (2005) (internal quotations omitted). "The party claiming estoppel must specifically plead all facts relied on to establish its elements." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 48, 275 Cal.Rptr. 17 (1990).

■■■■ Plaintiff's promissory estoppel claim fails to satisfy the minimal notice pleading requirements of Rule 8. Other than his vague and largely conclusory allegations, plaintiff alleges no facts establishing the elements of a promissory estoppel claim. Plaintiff, for instance, failed to specifically plead facts identifying the "clear and unambiguous" promises, representations and assurances made by FFB. Instead, plaintiff vaguely alleges that "defendants" prevented him from pursuing his remedies "by failing to adequately disclose transfers of interest, failing to make the statutorily required disclosures in the loan process, and continuing to service the loan and extract monies form [sic][him] for the time after the closing of the transaction to the dates shortly before the filing of the complaint." Nor did plaintiff specifically

plead facts showing that he reasonably and foreseeably relied on a "clear and unambiguous" promise, representation or assurance made by FFB. As such, plaintiff's allegations are insufficient to withstand a motion to dismiss.

Accordingly, plaintiff's seventh cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 8. Eighth Cause of Action: Fraud by Intentional Misrepresentation

Plaintiff's eighth cause of action alleges that, "by the above described conduct," defendants made intentional misrepresentations to him, including intentionally misrepresenting the terms and conditions of the loan scheme and artifice to defraud plaintiff.

■ Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n,* 138 Cal.App.4th 1371, 1381, 42 Cal. Rptr.3d 310 (2006). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess,* 317 F.3d at 1107.

■ Plaintiff's fraud claim based on intentional misrepresentation fails for two reasons. First, this claim does not satisfy the heightened pleading requirements of Rule 9(b). Although unclear, it appears that this fraud claim is premised on the same failure to disclose that forms the basis of his TILA and RESPA claims. Plaintiff, however, has plead vague and conclusory allegations against FFB without any information as to the who, what, when, where, and how of the intentional misrepresentations. Plaintiff did not plead with the requisite particularity the specific representations that are attributable to

FFB, the identity of the FFB employee who made the representations, their authority to speak, what they said or wrote, and when it was said or written. In short, plaintiff failed to sufficiently allege the circumstances constituting the alleged intentional misrepresentations to give FFB adequate notice of the particular misconduct so it can defend against the charge.

■ Second, this claim is time-barred because plaintiff commenced the instant action more than three years after signing his loan documents. The applicable statute of limitations governing a fraud cause of action is Cal.Code Civ. Proc. § 338(d), which provides a three year statute of limitations for bringing "an action on the ground of fraud or mistake." Cal. Code Civ. Proc. § 338(d). A cause of action for fraud or mistake "is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797, 807, 27 Cal. Rptr.3d 661, 110 P.3d 914 (2005). "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" *Id.* "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Id.* Plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation. *Id.* at 807–08, 27 Cal.Rptr.3d 661, 110 P.3d 914.

■ "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred

without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" *Fox*, 35 Cal.4th at 808, 27 Cal.Rptr.3d 661, 110 P.3d 914. In assessing the sufficiency of the allegations of delayed discovery, plaintiff bears the burden to show diligence; conclusory allegations will not withstand a motion to dismiss. *See id.*

■ Because the intentional misrepresentations that plaintiff complains of occurred outside the three years prior to the filing of the complaint, plaintiff bears the burden of specifically pleading facts showing the time and manner of discovery and his inability to have made earlier discovery despite reasonable diligence. Plaintiff did not satisfy this burden. Plaintiff failed to plead specific facts showing the time and manner in which he discovered the representations or his inability to discover the representations despite reasonable diligence. Moreover, to the extent that this claim is predicated on FFB's failure to comply with TILA and RESPA statutory requirements, plaintiff had the information he needed to discover and bring an action regarding the alleged wrongs more than three years before filing suit. Nothing in the FAC suggests that plaintiff was prevented from comparing his loan documents and disclosures with TILA and RESPA statutory requirements. Nor did plaintiff plead facts demonstrating that equitable tolling is warranted under the circumstances.

Accordingly, plaintiff's eighth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 9. Ninth Cause of Action: Fraud by Concealment

Plaintiff's ninth cause of action alleges that "Defendants intentionally concealed material and important facts, terms and conditions from Plaintiff, as stated above, proximately resulting in damages to Plaintiff and which facts, terms and conditions Defendants had a duty to disclose."

■ To state a claim for fraudulent concealment, a plaintiff must allege (1) concealment or suppression of a material fact; (2) a duty to disclose; (3) intentional concealment with the intent to defraud; (4) actual, justifiable reliance; and (5) resulting damages. *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App.4th 858, 868, 76 Cal.Rptr.3d 325 (2008). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1107.

Plaintiff's fraud claim based on concealment fails for two reasons. First, this claim does not satisfy the heightened pleading requirements of Rule 9(b). Although unclear, it appears that this fraud claim is premised on the same failure to disclose that forms the basis of his TILA and RESPA claims. Plaintiff, however, has plead vague and conclusory allegations against FFB without any information as to the who, what, when, where, and how of the fraudulent concealment. Plaintiff, for instance, did not plead with the requisite particularity the name of the FFB employee who concealed material facts. As such, plaintiff failed to sufficiently allege the circumstances constituting the alleged fraudulent concealment to give FFB adequate notice of the particular misconduct so it can defend against the charge.

Second, this claim is time-barred for the same reasons that plaintiff's fraud by intentional misrepresentation claim is time-barred.

Accordingly, plaintiff's ninth cause of action is dismissed for failure to state a claim upon which relief may be granted.

10. Tenth Cause of Action: Restitution for Unjust Enrichment

■ Plaintiff's tenth cause of action alleges that "Defendants made false promises, assurances and representations regarding facts, terms and conditions as above stated to defraud Plaintiff." Plaintiff further alleges, that as a result of his reliance on these false representations, "Defendants received and continue to receive benefits of profits and material gains by unjustly retaining profits, income and ill-gotten gains at the expense of the Plaintiff who acted in detrimental reliance upon the defendants' false assurances, representations and promises."

■ "[T]here is no cause of action in California for unjust enrichment." *Melchior v. New Line Productions, Inc.,* 106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003). "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Associates, Ltd. v. Wilson,* 7 Cal.App.4th 1439, 1448, 9 Cal.Rptr.2d 774 (1992). "Unjust enrichment is a 'general principle, underlying various legal doctrines and remedies,' rather than a remedy itself." *Melchior,* 106 Cal.App.4th at 784, 131 Cal.Rptr.2d 347; *see also McBride v. Boughton,* 123 Cal.App.4th 379, 387, 20 Cal.Rptr.3d 115 (2004) ("Unjust enrichment is not a cause of action . . . or even a remedy, but rather . . . a general principle, underlying various legal doctrines and remedies . . . . It is synonymous with restitution."); *cf. Hirsch v. Bank of Am.,* 107 Cal.App.4th 708, 721–22, 132 Cal.Rptr.2d 220 (2003) (upholding cause of action for unjust enrichment).

■ Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract. *McBride,* 123 Cal.App.4th at 388, 20 Cal.Rptr.3d 115. Under an unjust enrichment theory, restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort. *Id.* Thus, a claim for restitution is inconsistent and incompatible with a related claim for breach of contract or a claim in tort. *Id.; see also Paracor Fin. v. General Elec. Capital Corp.,* 96 F.3d 1151, 1167 (9th Cir.1996).

To the extent that California law permits a plaintiff to seek restitution, plaintiff fails to adequately explain the theory on which his unjust enrichment claim is based. This claim merely incorporates the other facts of the FAC by reference and makes a conclusory allegation that defendants have been "unjustly enriched" by "retaining profits, income and ill-gotten gains at the expense of plaintiff who acted in detrimental reliance upon the defendants' false assurances, representations and promises" with respect to "facts, terms and conditions as above stated to defraud Plaintiff." This allegation is insufficient to state the basis upon which plaintiff seeks restitution, beyond a "bare averment that he wants relief and is entitled to it." *See Twombly,* 550 U.S. at 556 n. 3, 127 S.Ct. 1955. Because plaintiff failed to make clear upon which theory his unjust enrichment claim is based, this claim is insufficient to withstand a motion to dismiss. Furthermore, this claim fails as to ServiceLink because the FAC alleges that plaintiff financed the acquisition of the property with a loan from FFB, not ServiceLink, and does not otherwise allege sufficient facts to support a contractual or quasi-contractual relationship between plaintiff and ServiceLink.

Accordingly, plaintiff's tenth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 11. Eleventh Cause of Action: Violation of California's FAL

██ Plaintiff's eleventh cause of action alleges that "the above-described conduct of the Defendants constituted unlawful, unfair, deceptive, and fraudulent business practices within the purview of California Business and Professions Code §§ 17500 *et seq.* Among other things, Defendants' representations and statements to Plaintiff and other similarly situated consumers were false, misleading and deceptive within the meaning of these statutes." Plaintiff further alleges that he suffered damages as result of his reliance on defendants "fraudulent conduct," including defendants' false, misleading and deceptive representations and marketing materials.

██ California's Unfair Business Practices Act contains a false advertising provision, which provides that it is unlawful for any company or employee thereof to make or disseminate any statement concerning real or personal property or professional services, which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. Cal. Bus. & Prof.Code § 17500. "To state a cause of action under consumer protection statutes designed to protect the public from misleading or deceptive advertising, the plaintiff must demonstrate that 'members of the public are likely to be deceived.' " *Wayne v. Staples, Inc.,* 135 Cal. App.4th 466, 484, 37 Cal.Rptr.3d 544 (2006) (citations omitted).

Although fraud is not an essential element of a claim under § 17500, because the primary underlying wrong that plaintiff is alleging is based on fraud, the allegations of fraudulent conduct alleged in support of this claim must satisfy the heightened pleading requirements of Rule 9(b). *See Vess,* 317 F.3d at 1105. However, because this claim merely incorporates the other facts in the FAC by reference and makes the conclusory allegation that plaintiff suffered damage as a result of "defendants" false, misleading and deceptive representations and marketing materials, it is not pled with the requisite particularity to satisfy the heightened pleading requirements of Rule 9(b). Plaintiff failed to allege facts identifying the representations and marketing materials that are attributable to FFB. Nor did plaintiff allege the identity of the FFB employee who made the representations, their authority to speak, what they said or wrote, and when it was said or written. Instead, plaintiff simply alleges that "the above-described conduct of the Defendants," including "Defendants misrepresentations and statements to Plaintiffs and other similarly situated consumers." As such, plaintiff failed to sufficiently allege the circumstances constituting the alleged false, misleading and deceptive representations and marketing materials to give FFB adequate notice of the particular misconduct so that FFB can defend against the charge.

Because the particular averments of fraud are insufficiently pled under Rule 9(b), plaintiff's allegations regarding defendants' fraudulent conduct are stripped from the claim. Disregarding the allegations of the fraudulent conduct alleged in support of this claim, nothing remains to provide a basis to support an actionable § 17500 claim. Accordingly, plaintiff's eleventh cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 12. Twelfth Cause of Action: Violation of the RFDCPA

Plaintiff's twelfth cause of action alleges that "Defendants' actions … constitute

violations of the California Rosenthal Act in that they threatened to take and actually took actions, including but not limited to foreclosure, that are not permitted by law, have used false, deceptive, or misleading representations or means in an attempt to collect a debt, and have used unfair or unconscionable means in an attempt to collect a debt."

■ Plaintiff's RFDCPA claim fails for two reasons. First, plaintiff did not allege facts suggesting that any defendant is a "debt collector" under the RFDCPA. To be held liable for violation of the RFDCPA, a defendant must fall within the Act's definition of "debt collector." *Izenberg v. ETS Services, LLC,* 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008) (citing *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)). The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." *See* Cal. Civ.Code § 1788.2(c). Plaintiff does not allege facts giving rise to the inference that any of the defendants is a debt collector as defined by the RFDCPA, nor did he identify the provisions of the act that defendants allegedly violated. As such, plaintiff has not satisfied the minimal notice pleading requirements of Rule 8.

■ Second, plaintiff failed to plead that any defendant was "collecting a debt" because foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA. *Izenberg,* 589 F.Supp.2d at 1199.

Accordingly, plaintiff's twelfth cause of action is dismissed for failure to state a claim upon which relief may be granted.

13. Thirteenth Cause of Action: Cancellation of Void Instrument

Plaintiff's thirteenth cause of action alleges that the loan agreement and the Deed of Trust are illegal, unconscionable, and were procured by fraud, and thus are void or voidable.

California Civil Code § 3412 provides that court-ordered cancellation of a written instrument is appropriate if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable . . ." Cal. Civ.Code § 3412.

Plaintiff's "cancellation of void instrument" claim fails for several reasons. First, this claim fails as to ServiceLink because ServiceLink was not a party to the loan agreement or the Deed of Trust. Second, while fraudulent loan documents might provide grounds for loan cancellation, plaintiff failed to plead a timely claim for fraud. The loan agreement and Deed of Trust were entered into in November 2005, more than three years before this action was commenced on March 24, 2009. Plaintiff did not allege facts demonstrating that this claim accrued within three years prior to the filing of this action. Nor did plaintiff allege sufficient facts demonstrating entitlement to equitable tolling.

■ Moreover, even assuming that the loan agreement and Deed of Trust are void or voidable, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578, 205 Cal.Rptr. 15 (1984); *see also Karlsen v. American Sav. & Loan Assn.,* 15 Cal. App.3d 112, 117, 92 Cal.Rptr. 851 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Nowhere in the FAC does plaintiff allege that he is prepared to tender the loan proceeds.

Accordingly, plaintiff's thirteenth cause of action is dismissed for failure to state a claim upon which relief may be granted.

14. Fourteenth Cause of Action: Injunctive Relief

Plaintiff's fourteenth cause of action seeks to enjoin the foreclosure of his home or, in the alternative, to set aside the trustee's sale and have any deed adverse to his interest rescinded. Plaintiff, however, does not offer any particular supporting cause of action.

■■■ A request for injunctive relief by itself does not state a cause of action and is properly brought before the court as a separate motion. *Shamsian v. Atl. Richfield Co.*, 107 Cal.App.4th 967, 984–85, 132 Cal.Rptr.2d 635 (2003). Moreover, even if the court were to construe this request as derivative of all other alleged causes of action, plaintiff would still bear the burden of showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, —— U.S. ——, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *see also Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2218–19, 171 L.Ed.2d 1 (2008).

■■■ Because a request for injunctive relief by itself does not state a cause of action, this claim is dismissed. To the extent that this claim is derivative of the other claims alleged in the FAC, plaintiff has not sustained his burden to demonstrate a fair chance of success on the merits, and therefore is not entitled to injunctive relief based on his pleadings. Moreover, to the extent that plaintiff seeks injunctive relief related to the non-judicial foreclosure, this relief is moot as the property has been sold. There re-mains no effective relief this court can offer as the court cannot restrain or prevent an action that already occurred. *See Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir.1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.").

Finally, to the extent that plaintiff seeks injunctive relief in the form of setting aside the trustee's sale and having any deed adverse to plaintiff's interest rescinded, plaintiff has not offered to pay the full amount of the debt for which the property was security, which is essential to an action to cancel a voidable sale under a deed of trust. *See Arnolds,* 158 Cal.App.3d at 578, 205 Cal.Rptr. 15; *Karlsen,* 15 Cal. App.3d at 117, 92 Cal.Rptr. 851.

Accordingly, plaintiff's fourteenth cause of action is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are GRANTED. Because the FAC was filed after the defendants moved to dismiss the complaint, plaintiff had the opportunity to cure the defects identified by defendants, but did not do so, and the court assumes that he could not. Nor did plaintiff offer additional facts demonstrating that he is capable of curing the deficiencies through amendment. Under the circumstances, the court finds that leave to amend would be futile. Accordingly, plaintiff's first through fourteenth causes of action are DISMISSED with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**