77 F.3d 318
 64 USLW 2595, 96 Cal. Daily Op. Serv. 1152,
96 Daily Journal D.A.R. 1971
 Jonathan A. BLOOM; Susan Bloom; Mary Stern; Robert S.
Finn, Plaintiffs-Appellants,
v.
Ray M. MARTIN; Robert L. Hunt, II; Coast Federal Bank,
Coast Savings Financial, Inc.; Coast Federal Services
Corp.; Countrywide Credit Industries, Inc.; Countrywide
Funding Corp.; Citicorp, a corporation; Citibank Federal
Savings Bank, a corporation, Defendants-Appellees.
Jane GRONER; Lewis Teichman; Linda Teichman; Gary Tucker,
Debra Gray, Plaintiffs-Appellants,
v.
The BANK OF AMERICA NT & SA; North American Mortgage
Company; Norwest Mortgage Inc., Medallion
Mortgage Company, Defendants-Appellees.
 Nos. 94-16495, 95-15294.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Feb. 22, 1996.
 
 Michael Mendelson, Wayne Lewis Lesser, and Kurt B. Kroger, San Francisco, California, for plaintiffs-appellants.
 Matthew L. Larrrabee, A. Mari Mazour, Heller Ehrman White & McAuliffe, San Francisco, California, for defendants-appellees Ray M. Martin, Robert L. Hunt II, Coast Federal Bank F.S.B., Coast Savings Financial, Inc., Coast Fed Services Corp., Countrywide Credit Industries, Inc., and Countrywide Funding Corp.
 Gregory Scott Spencer, San Francisco, California, for defendant-appellee Bank of America NT & SA.
 Michael J. Agoglia, Kathleen V. Fisher, James F. McCabe, Morrison & Foerster, San Francisco, California, for defendant-appellee Citicorp and Citibank Federal Savings Bank.
 Peter W. McGaw, Carroll Burdick & McDonough, Walnut Creek, California, and Steven S. Shupe, Special Litigation Counsel, North American Mortgage Company, Santa Rosa, California, for defendant-appellee North American Mortgage Company.
 Michael Steiner, Severson & Werson, San Francisco, California, for defendant-appellee Norwest, Mortgage, Inc.
 Tom Murphy, Berliner Cohen, San Jose, California, for defendant-appellee Medallion Mortgage Company.
 Appeal from the United States District Court Northern District of California.
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 The plaintiffs in Bloom and Groner ("appellants") brought class actions claiming that mortgage lenders and others violated 12 U.S.C. §§ 2603 and 2607 of the Real Estate Settlement Procedures Act of 1974 ("RESPA") as well as state law by failing to disclose the assessment of demand and reconveyance fees. The district court dismissed both complaints, concluding that RESPA does not apply to demand and reconveyance fees, that 12 U.S.C. § 2603 does not imply a private right of action, that 12 U.S.C. § 2607 does not apply to these fees because they are not split with a third party, and that both federal claims were barred by the statute of limitations. Having dismissed the federal claims, the district court declined to exercise jurisdiction over the state claims. Because we conclude that RESPA does not apply to demand and reconveyance fees, we do not address the alternative grounds for dismissal.
 
 
 2
 * Mortgage lenders charge a demand fee for preparing a statement summarizing the outstanding loan balance in connection with the borrower's prepayment of the balance of a loan. Lenders charge a reconveyance fee when they reconvey the deed back to the borrower after the loan is repaid. Both fees are authorized under California law. Cal.Civil Code §§ 2941(e)(1), 2943(e)(6) (West 1993).
 
 
 3
 HUD-1 is a form provided to buyers and sellers disclosing the settlement charges that will be assessed to each. 24 C.F.R. § 3500.8(a) (1995). The "good faith estimate" is a summary provided to mortgage applicants of the costs they will incur or pay either at or before settlement. 24 C.F.R. 3500.7(c)(2).
 
 
 4
 Appellants argue that lenders violated RESPA by failing to disclose in either the HUD-1 or the good faith estimate that reconveyance and demand fees might or would be assessed in the future. The fees were disclosed in the deeds of trust which were signed at the closings.
 
 II
 
 5
 We review de novo dismissals for failure to state a claim. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). RESPA requires mortgage lenders to disclose the costs associated with real estate closings. 12 U.S.C. § 2601 (1994). The statute was enacted to allow consumers to be better informed and avoid "unnecessarily high settlement charges caused by certain abusive practices...." Id. Appellants argue that the current assessment of reconveyance and demand fees violates sections Four and Eight of RESPA.
 
 
 6
 Section Four, 12 U.S.C. § 2603, mandates the development of a form disclosing:
 
 
 7
 all charges imposed upon the borrower and all charges imposed upon the seller in connection with the settlement ...
 
 
 8
 12 U.S.C. § 2603(a). Regulation X, 24 C.F.R. § 3500 et seq., sets out the HUD-1 Form which settlement agents must use "in every settlement involving a federally related mortgage loan in which there is a borrower and a seller." 24 C.F.R. § 3500.8(a) (1995). The seller's settlement costs are set forth in Section L of HUD-1 but neither reconveyance nor demand fees are specifically mentioned. 24 C.F.R. § 3500 app. A. Regulation X describes Section L as the charges that the seller may owe the broker, the settlement agent, and other parties. Id.
 
 
 9
 Regulation X also requires that lenders provide mortgage applicants with a "good faith estimate" of:
 
 
 10
 each charge which ... the borrower will normally pay or incur at or before settlement based upon common practice in the locality of the mortgaged property. Each such estimate must be made in good faith and bear a reasonable relationship to the charge a borrower is likely to be required to pay at settlement, and must be based upon experience in the locality of the mortgaged property.
 
 
 11
 24 C.F.R. 3500.7(c)(2).
 
 
 12
 Section Eight, 12 U.S.C. § 2607, prohibits fee-splitting in connection with settlement services except for services actually performed. It also prohibits giving or accepting anything of value in exchange for referrals except in certain circumstances including "controlled business arrangements." 12 U.S.C. § 2607(c). RESPA defines settlement services as any service provided in connection with a real estate settlement including but not limited to:
 
 
 13
 title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the organization of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement.
 
 
 14
 12 U.S.C. § 2602(3).
 
 
 15
 Appellants argue that RESPA and Regulation X require lenders to disclose through HUD-1 and the good faith estimate that demand and reconveyance fees may be assessed in the future. Relying on the above "pay or incur" language in Regulation X's good faith estimate requirement, § 3500.7, they argue that RESPA applies to fees not just paid but also those incurred at the time of settlement and assessed when repayment of the loan is complete.
 
 
 16
 The language of § 3500.7, however, does not support such an expansive view of the settlement process. The next sentence after the "incur" language limits the scope of this section of the regulation to "the charge a borrower is likely to be required to pay at settlement." 24 C.F.R. 3500.7(c)(2). That suggests the good faith estimate was not intended to apply to costs paid by property owners after the settlement at which they bought the property.
 
 
 17
 Nor are other sections of RESPA and Regulation X helpful to appellants. HUD-1 does not expressly refer to either reconveyance and demand fees, and Regulation X describes the seller's costs that must be listed in HUD-1 as those payable to the broker, settlement agent, or other parties. As argued by appellees, HUD-1 is essentially a balance sheet of the costs assessable to each party at the time of the settlement. The inclusion of uncertain future costs like reconveyance and demand fees would be inconsistent with this structure.
 
 
 18
 RESPA's non-exhaustive list of settlement services also suggests a limitation to costs payable at or before settlement. 12 U.S.C. § 2602(3). All of the services, such as title searches and pest and fungus inspections, are necessary for the closing whereas demand and reconveyance fees are assessed after the closing, when the mortgage is paid off. While reconveyance of the deed may be required when a mortgagor sells his house, it is not a concern at the settlement when he purchases the house. Both fees only become due if and when the loan is repaid after the settlement.
 
 
 19
 This temporal distinction is further supported by opinions from the Department of Housing and Urban Development, which promulgated Regulation X. See Letter, June 26, 1987, reprinted in Paul Barron, Federal Regulation of Real Estate and Mortgage Lending App. 2-84 (1992 & Supp.1993). A HUD official in one letter stated that Section 8 "is directed to practices preceding or accompanying the settlement and not to post-settlement practices...." Id. This conclusion is equally applicable to Section Four as it also puts restrictions on fees charged for settlement services.
 
 
 20
 Case law in other circuits also weighs against appellants' argument. See Greenwald v. First Fed. Sav. & Loan Ass'n, 446 F.Supp. 620, 625 (D.Mass.1978), aff'd, 591 F.2d 417 (1st Cir.1979). In Greenwald, the court held that interest payments on escrow accounts are not a settlement practice under RESPA because they "can continue long after the closing of the mortgage transaction and which can continue to occur during the entire life of the mortgage." Id. The Groner plaintiffs argue that Greenwald is inapposite because it involved interest payments to borrowers not payments by borrowers or sellers. However, the court's reasoning that the payments are outside RESPA because they occur after settlement is directly relevant. See also Adamson v. Alliance Mortgage Co., 861 F.2d 63, 65-66 (4th Cir.1988) (holding Truth in Lending Act does not require the disclosure of reconveyance fees charged at the end of the loan because the loan was not conditioned upon the payment of the fees and borrowers were under no legal obligation to pay fees), overruled on other grounds, Busby v. Crown Supply, Inc., 896 F.2d 833, 841 (4th Cir.1990).
 
 
 21
 Appellants argue that the district court ignored the realities of real estate transactions by focusing "only on the borrower's side of the settlement process." However, prior to the settlements at which appellants were sellers, lenders alerted appellants to the demand and reconveyance fees as they were specifically set out in the deed of trust form. Appellants cannot argue that the lenders violate RESPA by failing to disclose the fees to sellers because the seller at any settlement not only knows about these fees but has probably already paid them. Their problem is not the perspective of the district court but the structure of RESPA which does not focus on post-settlement fees paid by mortgagors after they have purchased their houses.
 
 III
 
 22
 Appellants argue the district court erred by denying leave to amend their complaints. Dismissing a complaint without leave to amend is appropriate when granting leave would serve no purpose because the acts complained of cannot constitute a claim for relief. Havas v. Thornton, 609 F.2d 372, 376 (9th Cir.1979). Because RESPA does not apply to the fees in question, the district did not err in denying leave to amend.
 
 
 23
 AFFIRMED.