NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1153
_____

ANITA PETERSON,

Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA;
SPECIAL AGENT KEVIN COLGAN, BUREAU OF CRIMINAL INVESTIGATIONS
PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL;
FRANK G. FINA, CHIEF DEPUTY ATTORNEY GENERAL;
WILLIAM A. HELM, CHIEF DEPUTY ATTORNEY GENERAL;
ROBERT J. O'HARA, SENIOR DEPUTY ATTORNEY GENERAL;
JAMES REEDER, DEPUTY ATTORNEY GENERAL;
KELLY KLINE, DEPUTY ATTORNEY GENERAL; DANA KLEINTOP

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 3:08-cv-02292)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 8, 2013

_____

Before: GREENAWAY, JR., VANASKIE and ROTH, *Circuit Judges*.

(Opinion Filed: January 7, 2014)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Anita Peterson ("Appellant" or "Plaintiff") brought an action against Pennsylvania state officials ("Appellees" or "Defendants") alleging violation of her constitutional rights. The District Court granted summary judgment for Defendants and denied Plaintiff's Motion for Sanctions. For the reasons discussed below, we shall affirm the judgment of the District Court.

**I. Background**

Because we write primarily for the parties, who are familiar with the facts and procedural history, we recount only the essential facts. An investigation by the Monroe County District Attorney's Office of potential mortgage fraud resulted in a subpoena being issued to Peterson and her business, Mountain Valley Abstract, Inc. ("Mountain Valley"). During the investigation, Special Agent Kevin Colgan learned that figures listed on the HUD-1 settlement statements did not match the check issued at the closing.[1] Peterson stated during her grand jury testimony that she never received payment from

---

[1] HUD-1 is a settlement sheet mandated by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. *et seq. See Bloom v. Martin*, 77 F.3d 318, 319 (9th Cir. 1996).

P&K Developers, but further investigation established that a check issued by P&K Developers was paid to the order of Mountain Valley.

Peterson was initially charged in a Pennsylvania state court with nineteen criminal counts including perjury, false swearing, tampering with public information or records, and hindering apprehension or prosecution. Eleven counts were dismissed by the presiding judge at trial. A jury acquitted Peterson on two counts, and was unable to reach a verdict as to the remaining six counts. Defendants again prosecuted Peterson on three of the remaining counts, none of which resulted in a conviction.

Following her acquittal, Peterson commenced the present action against several Commonwealth of Pennsylvania employees and a private citizen. The remaining issues on this present appeal are whether the District Court erred in (1) denying Peterson's Motion for Sanctions alleging spoliation; and (2) granting summary judgment against Peterson for claims of false arrest and false imprisonment.

## II. Jurisdiction

The District Court had jurisdiction under 28 U.S.C. § 1331 and § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III. Analysis

*A. Spoliation*

Peterson contends that the District Court erred in denying her Motion for Sanctions. Peterson alleges spoliation by documenting the litany of failed attempts to obtain a transcript of Agent Colgan's grand jury testimony. Sanctions for spoliation of evidence are reviewed for an abuse of discretion. *See In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 574 (3d Cir. 2007).

Spoliation occurs where "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

Upon a review of the record, we detect no abuse of discretion in the District Court's ruling. While Peterson has demonstrated to our satisfaction that the relevant evidence was not produced, she does not come close to showing the bad faith necessary to support a claim for spoliation. *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995), and *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68 (3d Cir. 2012), are instructive here. In *Brewer*, we determined that "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed . . . ." *Brewer*, 72 F.3d at 334. In *Bull*, we further observed that

4

"a finding of bad faith is pivotal to a spoliation determination." 665 F.3d at 79. "This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than—for instance—misplaced." *Id.*

Therefore, we find no abuse of discretion in the District Court's conclusion that Defendants could not be sanctioned for spoliation.

*B. False Arrest and False Imprisonment*

Peterson claims that the District Court erred in summarily dismissing her claims for false arrest and false imprisonment under the Fourth Amendment.[2] The District Court found that probable cause existed as a matter of law regarding two of the six charges, precluding the claim for false arrest or false imprisonment. The two charges were false swearing under 18 Pa. C.S. § 4903(a)(1) and tampering with public records or information under 18 Pa. C.S. § 4911(a)(2).

This Court's review of the District Court's order granting summary judgment is plenary. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000). Summary judgment is granted when, viewing the evidence in the light most favorable to the

---

[2] The Fourth Amendment to the Constitution of the United States provides that: "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Beers–Capitol v. Whetzel*, 256 F.3d 120, 130 n.6 (3d Cir. 2001).

To establish a claim under 42 U.S.C. § 1983, a plaintiff "must establish that [she] was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009). To prevail on the claims of false arrest and false imprisonment, plaintiffs would have to demonstrate at trial that the police lacked probable cause to arrest Peterson.[3] The existence of probable cause is determined by looking at the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("[W]e reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable cause determinations."). Probable cause does not require that the prosecution have sufficient evidence to prove guilt beyond a reasonable doubt. Rather, probable cause requires only "a probability or substantial chance of criminal activity, not an actual showing of such activity." *U.S. v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011) (internal quotation marks omitted).

Peterson here claims that there was no probable cause to believe that she engaged in false swearing. Our review of the record reflects to the contrary, even viewing the evidence in a light most favorable to Peterson. During the investigation, Peterson was

---

[3] Generally, the existence of probable cause is a factual issue. *Deary v. Three Un– Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984). Summary judgment can be granted, however, in an appropriate case on probable cause grounds. *Id.* at 192.

asked about receiving payment from P&K Developers, to which Peterson responded "never heard from them." (App. 16 (internal citation omitted).) The record, however, indicates that there was a photocopy of a check marked "from P&K Developers payable to the order of Mountain Valley Abstract in the amount of $635.66 dated July 13, 2001." (*Id.*) As the District Court correctly observed, Peterson's ownership of Mountain Valley reasonably supports a false swearing charge, and undermines the theory that Agent Colgan committed an actionable constitutional violation. *Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010) (holding that liability for a 1983 false arrest claim cannot be sustained unless Appellant shows "that the police officer knowingly and deliberately or with reckless disregard for the truth made false statement").

Peterson urges this Court to attach significance to the magistrate judge's conclusion that the Commonwealth failed to present a *prima facie* case with respect to this count. But it is settled law that the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *United States v. Whitted*, 541 F.3d 480, 491 (3d Cir. 2008) (internal quotation marks omitted). *See also Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.").

Similar reasoning applies to the charge of tampering with public records or

7

information.  The District Court found that Agent Colgan had sufficient probable cause considering "that the HUD-1 forms filled out by [Peterson] were received and kept by the government; that there were inconsistencies in the forms; and that [Peterson] endorsed the inconsistent settlement sheets . . . ."  (App. 19-20 (internal footnotes omitted).)  Peterson argues that the District Court erred on two grounds: first, defendants were not versed in RESPA instructions nor had obtained expert advice; second, HUD-1 settlement statements do not constitute public records.  Both arguments are unavailing.

As to the first argument, the alleged lack of expertise in dealing with real estate practices does not constitute a Fourth Amendment violation.  It is black letter law that liability for a false arrest claim can only succeed if the police officer engaged in conduct reflecting a "reckless disregard" for the truth.  *See Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010).  While a lack of practical expertise may be considered as a factor in the probable cause analysis, the record viewed as a whole does not demonstrate that state officials acted in deliberate indifference to Peterson.  *See Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998) ("[A] municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact.").

As for the second argument, Peterson failed to present it in the proceedings below, and it is therefore waived.  *See American Cyanamid Co. v. Fermenta Animal Health Co.,* 54 F.3d 177, 187 (3d Cir. 1995) ("It is well established that failure to raise an issue in the

8

district court constitutes a waiver of the argument.").[4]

Therefore, we find that the District Court did not err in granting Appellees'

summary judgment motion.

## IV. Conclusion

For the foregoing reasons, we shall affirm the Judgment of the District Court.

---

[4] Even if it had been raised, the argument misses the mark given the broad language of the Pennsylvania statute. *See* 18 Pa. C.S. § 4911 ("A person commits an offense if he . . . knowingly makes a false entry in, or false alteration of, any record, document or things . . . required by law to be kept by others for information of the government.").